**UNITED STATES of America, Appellee,**

v.

**Gilbert BUGROS, Defendant-Appellant.**

**No. 363, Docket 27410.**

United States Court of Appeals
Second Circuit.

Argued May 22, 1962.

Decided June 21, 1962.

––––––◆––––––

Jerome C. Ditore, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., on the brief), for appellee.

Leon B. Polsky, New York City (Anthony F. Marra, New York City, on the brief), for defendant-appellant.

Before LUMBARD, Chief Judge, SMITH and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

We reverse the conviction of the appellant for violation of the narcotic laws and conspiracy so to do, 21 U.S.C.A. § 173 and § 174, on which he was sentenced to five years' imprisonment, because of the prosecutor's needless and deliberate repetition of improper and highly prejudicial arguments during his summation.

The government's evidence showed that on May 1, 1961 the appellant in his apartment at 140 Bergen Street, Brooklyn, took a package containing cocaine from a closet and gave it to one Morales, who was accompanied by an undercover federal agent. Bugros was then arrested by other federal agents, who found another package containing cocaine under some toys in the drawer of a child's chest of drawers.

Bugros' defense was that he had agreed to hold two packages of "presents" for Morales and that he did not know that they contained cocaine. Morales, who was tried with Bugros, changed his plea to guilty at the end of the second day of trial.

On the government's cross-examination of Bugros the prosecutor developed at some length that there were numerous places in the apartment where the packages could be kept other than in the child's dresser. In summation the prosecutor said " * * * one of the packages came from a child's bedroom, a child's dresser, and if I recall the agent's testimony, there were children's toys in that dresser." He then added: "To me, ladies and gentlemen, this is not only concealment, this is a total reckless disregard of the welfare of children considering their propensity and curiosity and considering the habits of children."

Counsel thereupon moved for a mistrial, which the judge denied with the admonition that the jury should disregard the remarks of the Assistant United States Attorney. As the judge pointed out, "the place where he claims the cocaine was found and the implication as to the place where they found it" had nothing to do with the case.

But a few minutes later the prosecutor again mentioned the child's room as the minutes show:

"He would have you believe that he didn't see anything, he didn't do anything, he didn't know anything, he didn't smell anything.

"Yet, in a four-room apartment he hides one of the exhibits, not in the kitchen, not in his bedroom, not in the living room, *but in a child's room.* [Emphasis added.]

"Mr. Brill: I made my objection before on this, your Honor.

"Mr. Bond: This is a fact.

"Mr. Brill: Once again I ·move for the withdrawal of a juror and a mistrial.

"The Court: The motion is denied.

"I assume that there is no studied attempt to prejudice the jury in any way. It was a fact that the material was found in the child's bedroom.

"Aside from that, the jury should give it no special weight or significance."

In denying this second motion for mistrial the judge, instead of reprimanding the prosecutor as he should have done, emphasized the prejudicial and unnecessary remark of the prosecutor by repeating reference to the child's bedroom.

 It is the prosecutor's obligation to avoid arguments on matters which are immaterial and which may serve only to prejudice the defendant. It is his duty above all else to be fair and objective and to keep his argument within the issues of the case. There was no need to make any reference to the welfare of children, their propensities and habits. The only question at issue was whether Bugros knew what was in the packages. We cannot condone the deliberate and unnecessary references to an immaterial detail. The nature of the prosecutor's references showed that his purpose could only have been to suggest that the defendant was a contemptible person who was unconcerned with the possible danger to his own children. To repeat the reference after the judge's admonition was inexcusable. The unfair, unwarranted and reprehensible summation deprived the defendant of the fair trial which is his right, regardless of how clear his guilt may seem or how strong the proof against him. Arguments such as those made in the prosecutor's summation should be beneath the dignity of a representative of the government of the United States as they are incompatible with the proper administration of criminal justice. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

We dismiss as without merit the government's claim that Bugros' statement on sentencing was an admission of his guilt as it seems to us that it was ambiguous at best.

We commend the Legal Aid Society and its counsel, Leon B. Polsky and Anthony F. Marra, for their representation of the appellant.

Reversed and remanded.