UNITED STATES of America,
Appellee,

v.

Crescenzio RAMIREZ, Appellant.

No. 15609.

United States Court of Appeals
Seventh Circuit.

Sept. 21, 1966.

Certiorari Denied Dec. 12, 1966.
See 87 S.Ct. 601.

Julius Lucius Echeles, Howard W. Minn, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Nicholas M. Karzen, Asst. U. S. Atty., for appellee. John Peter Lulinski, Lawrence Jay Weiner, Asst. U. S. Attys., of counsel.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

Defendant was indicted on two counts. In Count 1, it was charged that he did receive, conceal, buy, sell and facilitate the transportation of 2.07 grams of heroin after it was imported into the United States, knowing the same was imported contrary to law, and, in Count 2, that he aided and abetted one Louis Gutirrez who did receive, conceal, buy, sell and facilitate the transportation of 5.17 grams of heroin in violation of Title 21, United States Code, § 174.

After a trial to a jury, defendant was found guilty on both counts. Concurrent sentences of ten years were imposed.

On this appeal, defendant claims there was insufficient evidence to justify the verdict. Error is also asserted because of statements by the Government prosecutor in both his opening statement and in the argument to the jury.

On June 30, 1965, three Chicago police officers and a federal narcotics agent drove in an unmarked police car to Wood and Cullerton Streets in the City of Chicago, parking near a 1957 black Buick in which a man and woman were seated. About two hours thereafter, a 1965 green Chrysler automobile driven by the defendant pulled up alongside the Buick. After a few seconds, the Chrysler was driven off at a high rate of speed. The police car followed in pursuit. On Cullerton Avenue Gutirrez, who was a passenger in the car driven by the defendant, jumped out of the car and threw a tinfoil package to the street. This package was picked up and proof was made that it contained a brown powder identified as heroin. While the federal agent was pursuing Gutirrez, the police car curbed the Chrysler automobile at Wood and Nineteenth Streets.

As the defendant was about to get out of the Chrysler at the direction of police officer Brown, he attempted to reach under the front seat. Brown ordered him to come forward, and when agent Coulter arrived, Brown told him there must be something under the front seat. Coulter searched and found a tinfoil package containing brown powder which, when discovered, was under the floor mat of the automobile and near the driver's seat. The contents of the package were identified as heroin.

During the course of the trial, Gutirrez withdrew his plea of not guilty and entered a plea of guilty. He testified that all of the heroin that was in the car belonged to him. It is apparent the jury did not believe such a statement.

■ Considering the evidence most favorable to the Government, as we must, on this appeal, including the location of the heroin in the defendant's car, and his behavior when being chased and finally stopped by the police, we have no difficulty in concluding that the evidence was sufficient to support the verdict and judgment of guilty, and we so hold.

We now consider the allegations of error in the statements of the prosecutor. In his opening statement, Government counsel told the jury that the arresting officers were "both men of long experience in the fight against the narcotics traffic." He also stated that two police officers were concealed in the back seat of the Buick while the front seat was occupied by two known narcotic addicts. In addition, he argued to the jury that the two defendants were ready to make a sale, if possible.

■ Defendant's complaint that there was no specific evidence that he and Gutirrez were ready to make a sale, does not establish that there was reversible error in this respect. The statement was a permissible interpretation by counsel from the testimony that was properly before the jury. We hold there was no error in this respect.

Defendant relies, to a considerable extent, on the case of United States v. Bugros, 304 F.2d 177 (2 Cir. 1962). In that case, the Government prosecutor, in his summation, twice referred to the fact that narcotics had been found in a drawer in a child's bedroom. Although the trial judge instructed the jury to disregard these remarks, the conviction was reversed. In that case, however, the prosecutor attempted to interject "an immaterial detail" to the prejudice of the defendant. In the present case, the prosecutor suggested a reasonable interpretation of all the evidence for the jury's consideration. The defense, of course, was free to suggest other interpretations. Thus, the Government's summation was permissible and clearly not of the same character or purpose as the argument held improper in Bugros.

■ We hold there was no error in stating that two of the police officers had had experience in the fight against the narcotic traffic. In view of the admonitions of the Court to the jury that

statements of counsel were not evidence, as well as the statement of the Government's attorney to the same effect, we hold there was no prejudicial error in this respect. The prosecutor's statement to this effect occurred only a few moments before the comment describing the people in the parked car. Of course, the Judge's admonition came just before the jury began its deliberations. In the light of these protective measures, and under all the circumstances of this case, we hold that no reversible error has been shown.

The judgment of the District Court is Affirmed.