**Henry Delelano HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41116.**

Court of Criminal Appeals of Texas.

March 13, 1968.

Donald D. Koons, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 70 years.

Two grounds of error are set forth in appellant's brief.

■ The first complains that the court permitted the state to connect him with an extraneous offense in that during the presentation of the state's case in chief the state's witness Ron Watson, Security Officer for the H. L. Green Store, who went to the cashier's office in response to a call, was asked and answered:

"Q. When you got there did you have a conversation with someone?

"A. Yes, sir, the cashier in the cage told me of an incident that happened there.

"Q. We can't go into anything she told you but what did you do as a result of this information?

"A. Well, I left our store looking for a described person that she had described trying to hold her up and I left the store going onto the Main Street side."

There was no objection to this testimony and we find no merit in the contention that the court reversibly erred in not excluding it.

The second ground of error complains of the comments of the district attorney shown in the following portion of the cross-examination of the state's witness Detective Boyd:

"Q. Okay. You say you were investigating another robbery in the same vicinity?

"A. Yes, sir.

"Q. What type of robbery was this?

"A. Beer truck.

"Q. Someone held up a beer truck driver?

"MR. CAPERTON (Counsel for the state): Now, Judge, unless they can tie this in.

"THE COURT: I don't know whether that would be material, Mr. Fourt. (Counsel for appellant)

"MR. CAPERTON: Unless we can go into some other robberies.

"MR. FOURT: We'll withdraw the question.

"Q. That wasn't a robbery with a note involved, this beer truck robbery, was it?

"MR. CAPERTON: Now, Judge, we object to him going into the beer truck robbery unless we can go into another robbery.

"THE COURT: Don't make a statement like that, go ahead.

"Q. This other one wasn't involving a note similar to the Minyard's robbery, was it?

"A. No, sir."

No objection was made and there was no request for instruction to the jury or for mistrial. The trial court properly admonished counsel for the state.

Under the record, reversible error is not shown.

The judgment is affirmed.