### 27057. BRYANT v. THE STATE.

ARGUED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Amber W. Anderson, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. The appellant Fate Bryant was indicted by the grand jury of Fulton County for rape and kidnapping. He was tried in the Superior Court of that county, found guilty and sentenced to serve terms of twenty and ten years in the penitentiary, to run consecutively. Upon the denial of his amended motions for new trial he appeals to this court and makes six enumerations of error. Five of these involve the same issues raised as special grounds in his motion for new trial as amended; and the

sixth complains of the denial of that motion.

■ The trial court did not err in failing to charge the jury, without request, the law on circumstantial evidence. *Code* § 38-109.

The rule is well established that "It is only where a case is solely dependent upon circumstantial evidence that the trial judge is required to give the law of circumstantial evidence. It follows that where the indictment is supported by both circumstantial and direct evidence, it is not erroneous for the court to refuse to charge the law of circumstantial evidence." *Nobles v. State,* 127 Ga. 212 (5) (56 SE 125). See also *Hegwood v. State,* 138 Ga. 274 (1) (75 SE 138); *Walker v. State,* 226 Ga. 292 (11) (174 SE2d 440).

Here, in addition to circumstantial evidence there was direct evidence linking the appellant to the crimes for which he was indicted.

A co-defendant, John Lee Rolax, testified that he saw the appellant and his brother sitting with the victim in a white Volkswagen which was parked in his yard just before they brought her into his house; and that he (Rolax) had sexual intercourse with her in his bedroom after the appellant and his brother had each spent about five minutes in there alone with the victim.

The victim testified that she was forced into a white Volkswagen by two men, one of whom threatened her with a pistol; that she was taken into a house, placed in a room and raped five times.

She was unable to positively identify the appellant because she said they kept her blindfolded or turned off the lights. However she testified "I believe the first two was the ones that was in the car."

There was also medical testimony as to the presence of male sperm in the victim's vagina on the night in question.

In the light of the above evidence, this contention is not meritorious.

■ The appellant also contends that the trial court erred in failing to charge on the law of alibi (*Code* § 38-122) since this was demanded by the evidence even without request.

We cannot agree.

*Code* § 38-122 provides as follows: "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence."

Here the accused did not make any defense of alibi. He presented no evidence whatever and he did not make an unsworn statement.

The only feature that has any bearing upon the contention that the law of alibi should have been charged is the testimony of a city detective. He testified that the appellant stated to him that he had been at his mother's home that evening; that while there he received a telephone call from a friend who had borrowed his car saying it would not operate; that he came to the scene of the crimes only to find out about his car; that the appellant suggested the officer verify this; that thereupon in a telephone call by this officer to the mother she stated that she had not seen the appellant or his brother in two or three months.

Under the circumstances shown above we find no support for the contention that the law of alibi should have been charged, especially in the absence of a request to charge.

This court has upon many occasions ruled that it is not error to fail to charge on alibi when there is no request therefor and the only basis for alibi consists of a defendant's unsworn statement. *Wynes v. State,* 182 Ga. 434 (5) (185 SE 711); *Bagley v. State,* 212 Ga. 206 (3) (91 SE2d 506). The case at bar is even stronger in that here the appellant's alibi was not even raised by his unsworn statement but only in testimony by a State's witness as to an out-of-court conversation with him.

■ There is no merit in the appellant's position which asserts that the trial court erred in charging the jury that the State did not have to prove beyond a reasonable doubt the corroboration of the victim, since this relieved the State of proving beyond a reasonable doubt every element of the crime.

The portion of the charge contended to be erroneous is as follows: "Now, I charge you that the law does not require that the corroboration be of such strength as to satisfy the minds of the jury beyond a reasonable doubt of the defendant's guilt, but the law requires the testimony of the female to be corroborated by some evidence other than the testimony of the female, fairly going to prove that the crime as charged, was committed, and that it was committed by the defendant as charged in the indictment."

Contrary to the appellant's contention, the State is not required to support such testimony beyond a reasonable doubt before he can be convicted for rape under *Code Ann.* § 26-2001.

In *Wright v. State,* 184 Ga. 62, 69 (190 SE 663) this court upheld the following charge, which is essentially similar to the one in this case: "If there has been corroborating evidence, it is not necessary that the corroborating evidence should of itself be sufficient to show the defendant's guilt beyond a reasonable doubt; the jury would be authorized to convict the defendant if they are satisfied of his guilt beyond a reasonable doubt from all the evidence."

This court has subsequently held many times that the corroboration need not of itself be sufficient to convict the defendant. See, e.g., *Lee v. State,* 197 Ga. 123 (28 SE2d 465); *Harper v. State,* 201 Ga. 10 (3) (39 SE2d 45); *Climer v. State,* 204 Ga. 776 (1) (51 SE2d 802); *Strickland v. State,* 207 Ga. 284 (3) (61 SE2d 118); *Ford v. State,* 227 Ga. 279 (1) (180 SE2d 545).

The charge in the case at bar comports with these and other holdings.

■ The appellant also urges that the trial court erred in permitting a detective to testify as to a conversation with the appellant's mother whereby she impeached what he had previously told the detective. The appellant insists that this was hearsay; that it denied him the right of cross examination under the Fourteenth Amendment to the United States Constitution; and that the court erred in permitting the conversation under *Code* § 38-302 solely to explain why the

detective arrested him.

The conversation objected to is the one hereinbefore referred to in Division 2, relating to alibi. The trial judge stated that he would admit this conversation for the limited purpose of explaining the conduct of the officer in arresting and charging the appellant. See in this regard *Code* § 38-302, supra.

Actually, this ruling was more favorable to the appellant than he was entitled to have. As pointed out in the district attorney's brief, it appears that the appellant made an effort to establish a false alibi and that this was an admission of guilt. The brief quotes 22A CJS 1097, Criminal Law, § 739: "Where accused directs another person to a third person for information or directions, he is bound by the statements of such third person and they are admissible in evidence against him." See to the same effect, *Bexley v. State,* 141 Ga. 1 (4) (80 SE 314).

In our view this conversation was admissible without limitation and the ruling was favorable to the appellant and not a ground for reversal.

■ The appellant avers that the trial court erred in permitting his appointed counsel to leave the courtroom during the State's argument, thereby depriving him of the right to counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution, while prejudicial remarks were made by the prosecutor.

The record shows that appellant's counsel, when the State's attorney was about to begin his argument, asked the court if he could be excused during the State's argument for about five or ten minutes, that he "did not care to be present." The record does not indicate whether the court excused him, or made any ruling whatever.

The appellant contends that while his counsel was absent the State's attorney argued certain matters prejudicial to him.

It is not necessary to recite those portions of the argument or to determine whether they were improper. The appellant's counsel chose to leave the courtroom at that

time and therefore was not present to take appropriate measures against them,

Under no theory can it be maintained that the trial court committed any error in these circumstances.

■ The final enumeration of error recites that the trial court erred in denying the appellant's motion for new trial as amended. The rulings made in the five divisions of this opinion are dispositive of the five special grounds of the motion for new trial. The general grounds of that motion are deemed to have been abandoned since they were not argued orally or by brief as required by Rule 18 (c) (2) of this court. Therefore this enumeration is not valid.

We find no error.

*Judgment affirmed. All the Justices concur, except Jordan, J., not participating.*