Lawrence Univester **HARGRETT,**
Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT,** Director Florida Division of Correction, Respondent-Appellee.

No. 72-2998
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1973.

Lawrence Hargrett, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Joel D. Rosenblatt, Asst. Atty. Gen. of Fla., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The district court denied the habeas corpus petition of Hargrett, a Florida prisoner. We Vacate and Remand.

Hargrett was convicted upon trial by jury of first degree murder committed in the course of a felony and was sentenced to life imprisonment. The conviction was affirmed on direct appeal in Hargrett v. State, Fla.App.1971, 255 So. 2d 298. Appellant then filed a petition for the writ of habeas corpus in federal district court. The petition was dismissed for failure to exhaust state remedies as to one of the issues presented—that the in-court identification of appellant by a witness was preceded by an impermissibly suggestive photographic identification procedure.

Hargrett then filed a second habeas petition in the court below, deleting the photo-identification issue and alleging (1) that the trial court erred in in-

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company, of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

structing the jury that an inference of guilt could be drawn from evidence of flight, in that this instruction amounted to an improper comment on his guilt; (2) that the same instruction was erroneous in that the indictment did not give him notice that flight to avoid apprehension was an essential ingredient of first degree murder; and (3) that the Florida felony murder statute is unconstitutional because it permits prosecution for first degree murder even if the killing was not premeditated. Hargrett later amended his petition, albeit obliquely, to include the photo-identification issue, insisting that the issue had been argued on direct appeal. The district court denied the petition on the merits, making no findings on the issue of suggestive photo identification.

A review of the record reveals that the photo-identification issue has not been presented to any state court despite appellant's insistence. He did argue on direct appeal that the witness' identification was insufficient to support a conviction. This, however, goes to the sufficiency of the evidence. There was no argument raised on appeal as to the suggestiveness of the photograph identification procedures.

██ Rules of comity, as well as the policy against piecemeal litigation, dictate that federal courts will not consider a petition for the writ of habeas corpus until all issues raised therein have been presented to a state court. Burroughs v. Wainwright, 5 Cir. 1972, 454 F.2d 1165; Johnson v. Wainwright, 5 Cir. 1971, 453 F.2d 385; Porter v. Wainwright, 5 Cir. 1971, 439 F.2d 264. Hargrett has an adequate state remedy available to him in Rule 3.850, Fla.R. Crim.P., 33 F.S.A. by which he may seek relief in the state trial court. The judgment below is vacated and remanded with instructions to dismiss without prejudice to allow Hargrett to exhaust his state remedies as to all issues.

Vacated and remanded.