**Fate BRYANT, Petitioner-Appellant,**

v.

**E. B. CALDWELL, Warden, Respondent-Appellee.**

**No. 73-2149**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1973.

Rehearing and Rehearing En Banc Denied Oct. 25, 1973.

James C. Bonner, Jr., Decatur, Ga. (Court-Apptd.), for petitioner-appellant.

Daniel MacIntyre, Deputy Asst. Atty. Gen., Courtney W. Stanton, Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

In May, 1971, appellant Fate Bryant was convicted of kidnapping and rape in the Superior Court of Fulton County, Georgia. His conviction was upheld on appeal by the Supreme Court of Georgia. Bryant v. State, 229 Ga. 60, 189 S.E.2d 435 (1972). He then brought this habeas corpus proceeding in the United States District Court for the Northern District of Georgia. That court entered an order dismissing the petition on March 13, 1973, and Bryant appealed. We affirm.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

■ The essence of appellant's argument is that he was denied effective assistance of counsel in violation of his sixth and fourteenth amendment rights when his appointed counsel absented himself from the courtroom during the prosecution's closing argument to the jury. The threshold question in this habeas corpus case is whether appellant has exhausted available state remedies by presenting this argument to the courts of the state. If not, a federal court may not grant habeas relief. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); 28 U.S.C. § 2254(b).

Although appellee argues that this question has not been properly presented to the state courts, appellant did assign as error before the Supreme Court of Georgia that

[t]he Court erred in permitting appointed counsel for Appellant to leave the courtroom during the State's argument as it deprived the Appellant , of the right to counsel all in violation of the Sixth and Fourteenth Amendments of the U. S. Constitution.
. . .

Appellant's Enumeration of Errors at 2, Bryant v. State, 229 Ga. 60, 189 S.E.2d 435 (1972). While it is true that this objection is framed as an error of the court in allowing counsel to depart rather than a specific claim of ineffectiveness of counsel, we think it sufficiently raised the issue. In passing on it, the Supreme Court of Georgia specifically ruled that "[u]nder *no theory* can it be maintained that the trial court committed any error. . . ." Bryant v. State, 229 Ga. 60, 189 S.E.2d 435, 439 (1972) (emphasis ours). We agree with the district court that no further state review of this point is required.

■ Appellant's substantive argument is that he was denied effective assistance of counsel when his court-appointed attorney left the room during the prosecutor's closing argument to the jury. He asserts that this deprivation of effective counsel prejudiced him be-cause the prosecutor made improper and inflammatory statements during that argument which went unchallenged due to the absence of his attorney. In support of his contention that the prosecutor's remarks here went too far he cites numerous cases narrowly confining the scope of permissible appeals by the prosecutor to the passion or prejudice of the jury. E. g., Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734 (1943); Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); United States v. Fullmer, 7th Cir. 1972, 457 F.2d 447; United States v. Bugros, 2d Cir. 1962, 304 F.2d 177; Traxler v. United States, 5th Cir. 1961, 293 F.2d 327; Benham v. United States, 5th Cir. 1954, 215 F.2d 472.

While the cases cited do set more restrictive standards on permissible jury argument than were observed in this case, they are inapplicable here. They all deal with the conduct of United States attorneys in their conduct of federal criminal prosecutions in federal courts, but appellant was convicted in a state proceeding. The permissible scope of jury argument for Georgia district attorneys is very broad—much more so than that for United States attorneys. *See e. g.,* Hart v. State, 227 Ga. 171, 179 S.E.2d 346 (1971) ("forceful and possibly extravagant" appeal by assistant district attorney to convict defendant for the safety of the whole community found acceptable); Miller v. State, 226 Ga. 730, 177 S.E.2d 253 (1970) (permissible for district attorney to characterize defendant as "a brute, a beast, an animal, and a mad dog who did not deserve to live"); Holley v. State, 225 Ga. 768, 171 S.E.2d 528 (1969); Wheeler v. State, 220 Ga. 535, 140 S.E.2d 258 (1965).

The district court correctly found that the prosecutor's references to appellant's character and his appeal to the jury to convict for the sake of the safety of the community were well within the permissible scope of jury argument for a Georgia prosecutor. While the argument may have been somewhat extravagant, it

was not so inflammatory or prejudicial that it vitiated the basic fairness of the trial. The Supreme Court, commenting on a prosecutor's remarks which it had already characterized as "undignified and intemperate," laid down the rule which governs this case.

> They do not comport with the standards of propriety to be expected of the prosecutor. But it is quite another thing to say that these statements constituted prejudicial error. In the first place, it is hard for us to imagine that the minds of the jurors would be so influenced by such incidental statements during this long trial that they would not appraise the evidence objectively and dispassionately. In the second place, this was not a weak case as was Berger v. United States, 295 U.S. 78, 55 S.Ct. 629 [79 L.Ed. 1314] . . . where this Court held that prejudice to the accused was so highly probable as a result of the prosecutor's improper conduct "that we are not justified in assuming its nonexistence." . . . [W]here, as here, the record convinces us that these statements were . . . not cumulative evidence of a proceeding dominated by passion and prejudice, reversal would not promote the ends of justice.

United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 239–240, 60 S.Ct. 811, 852, 84 L.Ed. 1129 (1940).

■ While that case dealt with a federal rather than a state prosecution, it did establish that reversal due to extravagant jury argument by the prosecutor is proper only if there was prejudice or if the case was otherwise so weak that an assumption of no prejudice is unwarranted. In this case the evidence against appellant was substantial, and the prosecutor's remarks were well within permissible limits. Consequently, the probability that appellant was prejudiced is slight, and the ends of justice would not be served by a reversal.

Affirmed.