Henry Deleiano HARRIS, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73–1718.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1974.

John B. Stigall, Jr., Dallas, Tex., (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Thomas M. Pollan, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The district court dismissed the habeas corpus petition of Texas prisoner Henry Harris on the merits as to every claim he advanced. On this appeal Harris urges essentially seven errors in his trial proceedings: (1) failure to afford him a preliminary hearing; (2) denial of a jury shuffle;[1] (3) impermissibly suggestive line-up; (4) his trial counsel's erroneous stipulation to the validity of constitutionally invalid prior convictions; (5) systematic exclusion of blacks from the petit jury; (6) deprivation of his Sixth Amendment right to counsel at certain preliminary stages of the proceedings and his right to effective assistance of counsel at his trial; and (7) a cumulative effect argument, i. e., even if each claim is insufficient standing alone, the cumulative weight of these straws break the "constitutional camel's back." Grounds (1) and (2) do not present constitutional deficits even if valid, therefore we affirm the district court's dismissal of those claims. Since grounds (3), (4), (5) and (7) have not been presented squarely to the Texas courts, we vacate the district court's dismissal on the merits as to these issues and remand with instructions to dismiss

them *without prejudice* for failure to exhaust state remedies. After consideration of issue (6), which has been exhausted, we affirm the district court's dismissal on the merits.

Unfortunately, the procedural odyssey of this already lengthy case has not reached its ending. It started when Harris was convicted in Dallas, Texas for felony robbery and sentenced to seventy years imprisonment. His conviction was affirmed by the Texas Court of Criminal Appeals. Harris v. Texas, 425 S.W.2d 652 (1968). He then petitioned for a writ of habeas corpus in the Criminal District Court of Dallas County, Texas, arguing that his conviction was invalid because he was denied a preliminary hearing, his trial counsel was ineffective, and alibi testimony was suppressed.[2] After an evidentiary hearing his petition was denied, and this denial was affirmed by the Texas Court of Criminal Appeals. Subsequently, Harris filed a federal habeas petition which included a claim that blacks had been excluded from the jury which convicted him. From the record in the district court it appears that action on this petition was suspended while Harris presented the new claim to the Texas courts by means of a second state habeas petition. This second state petition was dismissed without an evidentiary hearing and another affirmance by the Texas Court of Criminal Appeals ensued. It was then that Harris filed the amended and supplemental federal habeas corpus petition which resulted in the judgment before us now. The dis-

---

1. This is an optional procedure provided by Article 35.11 Vernon's Ann.Tex.Code Crim. Proc.:

 The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order

drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

2. This claim originally contended that the prosecutor had suppressed his alibi testimony but at the evidentiary hearing it became clear that Harris' own attorney had made the decision not to call the alibi witnesses.

trict court denied all relief. The preliminary hearing and jury shuffle questions were dismissed as not presenting the requisite constitutional issues, and other claims, including those not specifically presented to the Texas courts, were all dismissed on the merits. The district court reasoned that the record developed at trial and at the first state habeas hearing furnished a sufficient factual basis upon which the invalidity of these claims could be determined.

### Preliminary Hearing and Jury Shuffle

 The district court was correct in holding that the denial of Harris' request for a preliminary hearing does not present a constitutional issue. Even if Harris' statement that he requested such a hearing is taken as true, it was not a procedure required by state law, Trussell v. State, 414 S.W.2d 466 (Tex.Cr.App. 1967), and this ends the matter, since there is no federal constitutional right to a preliminary hearing. *See* Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913); Richardson v. Texas, 425 F.2d 1372 (5th Cir. 1970), and Hackworth v. Beto, 434 F.2d 852 (5th Cir. 1970).[3] Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) does not compel a different conclusion. The import of *Coleman* is that once a state provides a preliminary hearing, counsel must be afforded at that hearing, not that such a hearing is a minimum requirement of Fourteenth Amendment due process. *See* United States v. Farries, 459 F.2d 1057, 1062 (3d Cir. 1972).

 Similarly, the trial judge's denial of Harris' motion to remix the names of all jurors called for service at the term so as to alter the order in which they would be tendered to the parties in this case[4] apparently denied him an option available under Texas law, but this denial presents no question rising to constitutional dimensions. There was no allegation that the venire was selected on a racially discriminatory basis. Therefore, shuffling the order of names on the venire could do no more than replace one potential juror with another whose constitutional impartiality toward the defendant was presumably the same. Harris did not allege that the trial judge used racial criteria in overruling his motion. There is no constitutional right to have members of one's own race on the petit jury, Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

### Exhaustion of State Remedies— Procedure

 In order to determine the proper disposition of Harris' remaining claims, we must confront a threshold procedural issue: what is a district court's duty under 28 U.S.C. Section 2254(b) when some issues raised in a habeas petition have been exhausted in the state courts and other issues have not been? Abstract principles of comity and this court's announced policy against "piecemeal litigation", *see* Hargrett v. Wainwright, 474 F.2d 987 (5th Cir. 1973), dictate that absent extraordinary circumstances a federal court should not act[5] on a habeas petition until the courts of the confining state have had an opportunity to rule on all the issues in the petition. However, these considerations are not the only relevant ones. For instance, a petition with a valid, exhausted claim that is factually ripe for decision and a non-exhausted claim presents a conflict between comity and the petitioner's constitutional right to be free of illegal restraint. Then too, a pe-

---

3. This issue is now before the Supreme Court in a factually distinguishable case. *See* Pugh v. Rainwater, 483 F.2d 778 (5th Cir. 1973), cert. granted, Gerstein v. Pugh, —— U.S. ——, 94 S.Ct. 567, 88 L.Ed.2d 467.

4. See footnote 1 above.

5. The district court can either hold proceedings in abeyance until state remedies are exhausted as to all issues, *see* Pate v. Holman, 343 F.2d 546 (5th Cir. 1965) or dismiss the petition.

tition in which an exhausted claim that the court determines is wholly frivolous is joined with a non-exhausted claim presents a conflict between economy of judicial energy and comity, since it would be sound husbandry to dispose of the frivolous claim while it is then before the court and require exhaustion on the other, rather than dismissing both only to have the frivolous claim appear for reanalysis at a later date. Of course, other policies may weight the scale of comity; a non-exhausted claim can be so related to an exhausted one that a state court decision on the former may of necessity involve a reconsideration of the latter, thus indicating both should go back. *See, e. g.,* United States ex rel. Ferguson v. Deegan, 323 F.Supp. 42, fn. 3 (S.D.N.Y.1971). The cases in this circuit on the question are conflicting in result and none reason the basis for their differing dispositions. Some cases indicate that a federal district judge should dismiss the entire petition without prejudice. *See* Hargrett v. Wainwright, *supra*; Green v. Beto, 460 F.2d 322 (5th Cir. 1972); Johnson v. Wainwright, 453 F.2d 385 (5th Cir. 1971); Garrett v. Texas, 435 F.2d 709 (5th Cir. 1970); Harrison v. Wainwright, 424 F.2d 633 (5th Cir. 1970); Wheeler v. Beto, 407 F.2d 816 (5th Cir. 1969). However, we have also affirmed cases which dismissed the non-exhausted claims without prejudice and denied relief on the merits on the exhausted claims. *See* Hill v. Dutton, 440 F.2d 34 (5th Cir. 1971); McDonald v. Wainwright, 466 F.2d 1136 (5th Cir. 1972); *See* Lake v. Hale, 440 F.2d 1191 (5th Cir. 1971); and Chisholm v. Wainwright, 427 F.2d 1138 (5th Cir. 1970). In fact, it has previously been indicated that this issue-by-issue approach is the preferred one. *See* Lee v. Wiman, 280 F.2d 257, 264 (5th Cir. 1960). To complete the spectrum, this court has affirmed a district court's decision dismissing a non-exhausted claim and granting relief on the merits of an exhausted claim. *See*

Moye v. Georgia, 330 F.Supp. 290 (N.D. Ga.1971), aff'd, Moye v. Highsmith, 460 F.2d 1388 (5th Cir. 1972).

In the absence of any single clear rule in this circuit, we are free to dispose of the instant case in a manner which best reconciles the conflicting policy interests which it presents. The district judge here has reviewed and dismissed, on its merits, the fully exhausted claim that Harris was denied counsel at critical stages of the proceedings and that his appointed attorney rendered him ineffective assistance in his defense. Judicial economy outweights any comity inspired reason for us to vacate the decision of this claim on this appeal. However, we cannot affirm the federal habeas court's decision on the merits of the remainder of the claims that have not yet been presented to the Texas courts.

### *The Non-Exhausted Claims*

■■ *Lineup*—Since United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) were decided subsequent to the line-up challenged in the instant case,[6] and since the line-up involved was pre-indictment, *see* Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), Harris was not entitled to counsel at the line-up as a per se matter of constitutional right. Thus, his claim must stand or fall on whether the line-up was so impermissibly suggestive as to render any evidence of it or any subsequent in-court identification based upon it a violation of the due process clause of the Fourteenth Amendment. *See* Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1967) and United States v. Kopacsi, 488 F.2d 900 (5th Cir. 1973). The facts surrounding the line-up were developed at Harris' trial as bearing on the credibility of the eyewitness testimony of Alvin Moore, an employee of the store which was allegedly robbed by

6. *Wade* and *Gilbert* have not been given retroactive effect. *See* Stovall v. Denno, 388

U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

Harris. The trial record shows no question was raised regarding Moore's identification of Harris nor was any objection lodged to other testimony about the line-up. Harris' direct appeal and both of his state court habeas petitions are similarly devoid of any mention of this issue. Therefore, we must vacate the dismissal of this claim on its merits and remand with instructions to dismiss without prejudice for failure to exhaust.

*Jury Exclusion*—Harris claims that the two blacks on his venire were "adroitly maneuvered off the panel by the prosecuting attorney" through questions relating to whether panel members were opposed to the imposition of capital punishment. He argues that these questions became the false predicate for excusal of the two blacks for cause. The state acknowledges that the only two black members of the venire did not ·serve but urges that the prosecutor used peremptory challenges to exclude them. *See* Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). After this cause was suspended for the express purpose of permitting exhaustion on this issue, .the Criminal District Court of Dallas County, Texas denied Harris' second habeas application to it by stating that "this contention has been presented to the court on a previous occasion by an application for writ of habeas corpus." The Court of Criminal Appeals affirmed. A review of the various records developed in these proceedings reflects that this statement is in error, yet nothing reflects a refusal or unwillingness on the part of Texas to consider the issue. Not only has it not been exhausted, but it is also insufficiently developed factually. We vacate the dismissal of this claim with prejudice and remand with instructions for the district court to dismiss it without prejudice so that Harris may again repair to the courts of Texas where the underlying facts may best be determined and the consequent legal merits primarily decided.

*Prior Convictions*—The claim that Harris' trial counsel stipulated to the validity of constitutionally invalid prior convictions used by the jury in determining his punishment has never been presented to the Texas courts, either as a fact ground related to an ineffective counsel contention or as the basis of a claim for relief under Tucker v. United States, 404 U.S. 443, 92 S.Ct. 589, 30 L. Ed.2d 592 (1972). The district court viewed this claim as a factual variation on the legal theme of ineffective counsel which, on its face, does not properly raise any constitutional issue. We do not agree. Therefore, we also vacate its dismissal with prejudice and remand this claim with instructions to dismiss without prejudice for failure to exhaust.

*Totality of Errors*—The claim that all of Harris' alleged constitutional errors when taken together resulted in a denial to him of due process likewise has never been presented to the Texas courts. We vacate the court's final decision on this issue and remand for a dismissal without prejudice of this claim also.

### Right to Counsel and Effective Assistance of Counsel

 Harris alleges that he was denied counsel at the critical stages of the proceedings leading up to his trial. He also urges that he was denied effective assistance of counsel at the trial. He avers that his court-appointed attorney first conferred with him on March 3, 1967 just before his trial was to commence on March 6, and that this belated attention did not afford his attorney time to properly interview the alibi witnesses Harris had suggested. Additionally, Harris asserts that his counsel's failure to call those witnesses at the trial of itself denied him effective assistance.

The records developed at trial and at the post-conviction evidentiary hearing in the Texas courts disclosed that Harris was advised of his rights by a magistrate, and that he never requested counsel at any of the pretrial proceedings. Additionally, these records fail to demonstrate, that Harris suffered any prejudice due to his pretrial lack of counsel. The prosecution's case consisted mainly

of eyewitness testimony identifying Harris as the robber. No incriminating statements or confessions were introduced against him at the trial.

Harris' counsel was appointed approximately a month before trial, and associated another attorney to aid him in trying the case. At the evidentiary hearing on the first state habeas petition, counsel testified that he did not have a chance to contact the witnesses whose names had been suggested by Harris as persons who could supply him with an alibi, and that he moved for a continuance on this basis. The trial judge refused formally to grant the motion but did agree to defer the trial an extra day to allow counsel to contact these persons. This record further shows that one of these witnesses, Thelma Shoemaker, advised counsel that she could not account for Harris' whereabouts at the time of the robbery, and that Geraldine Reed, the other supposed alibi witness, declared she was not with Harris until hours after the time of the robbery.

■ Viewing these records in light of the presumptively correct standard established by 28 U.S.C. Section 2254(d), for the state adjudication that counsel was constitutionally effective, we have no hesitancy in affirming the portion of the judgment below relating to this claim. It certainly meets the test we distilled in United States v. Beasley, 479 F.2d 1124 (5th Cir. 1973).

It is clear that effective counsel includes a right to more than *pro forma* or perfunctory representation. Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967); Powell v. Alabama, 287 U.S. 45, 53 S. Ct. 55, 77 L.Ed. 158 (1932). However, effective counsel does not mean "errorless counsel" but rather "counsel likely to render *and rendering* reasonably effective assistance." Mac-Kenna v. Ellis, 280 F.2d 592, 599 (5th Cir.), modified 5 Cir., 289 F.2d 928, cert. denied, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1960); Brown v. Beto, 377 F.2d 950, 957–958 (5th Cir. 1967); King v. Beto, 429 F.2d 221, 225 (5th Cir. 1970).

This is a far different case from that presented by the facts of Gomez v. Beto, 462 F.2d 596 (5th Cir. 1973), where counsel wholly failed to investigate alibi leads. Moreover, we cannot say that counsel should have subpoenaed Thelma Shoemaker despite her professed ignorance. This of itself might well have constituted a tactical error, and certainly, Harris' attorney acted within the bounds of reason in not subpoenaing her. Accordingly, we affirm the dismissal by the district court of the claims of refusal of pretrial counsel and ineffective assistance of counsel, based on these facts.

Cases like this one—involving too many lawyers and too many courts [7]— carry the seeds of their own defeat. More importantly, they bode ill for the Great Writ in general through ridiculous looking spurts and stops of seemingly never-ending litigation, and they sap the valuable time of overtaxed judicial systems. However, the importance of the values involved demands more, not less, careful attention. With such consideration, it should not be too much to hope that, when the remaining issues of this case have been properly presented to a court of the State of Texas, a disposition will result which will end Harris' over-long judicial sojourn.

Affirmed in part and in part vacated and remanded with directions.

---

7. To this point Harris has been represented by five different attorneys in nine trial and appellate court appearances in the state and federal judicial systems.