Limmie WEST, III, Plaintiff-Appellee,

v.

STATE OF LOUISIANA,
Defendant-Appellant.

No. 72–1338.

United States Court of Appeals,
Fifth Circuit.

March 24, 1975.

Wm. J. Guste, Jr., Atty. Gen. of La., Baton Rouge, La., Jim Garrison, Dist. Atty., New Orleans, La., Barbara Rutledge, Asst. Atty. Gen., Louise Korns, Shirley G. Wimberly, Jr., Asst. Dist. Attys., New Orleans, La., for defendant-appellant.

Limmie West, III, pro se.

George M. Leppert, New Orleans, La. (Court appointed), for plaintiff-appellee.

Before BROWN, Chief Judge, and RIVES, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

We took this case and Fitzgerald v. Estelle, 5 Cir. 1974, 505 F.2d 1334 en banc "to resolve the constitutional standards which govern adjudication of claims of ineffectual assistance of privately retained counsel." Id. at 1335.

Having explicated the standards in Fitzgerald, we vacate Part III and adhere to and affirm Parts I, II and IV of the panel opinion of this Court. West v. State of Louisiana, 5 Cir. 1973, 478 F.2d 1026.

The judgment of the district court is vacated and the case is remanded for reconsideration of the alleged ineffective assistance of privately retained counsel in the light of Fitzgerald.

RONEY, Circuit Judge (specially concurring):

I concur in the en banc vacation and remand of the district court's judgment for reconsideration in the light of Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir. 1974) (en banc). I do not concur in affirmance of Part II of the panel opinion, West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973), which indicates that the district court may decide this case without an evidentiary hearing. As indicated in my dissent to the panel opinion, 478 F.2d at pp. 1035–1037, I would call for a full development of the facts and at the very least, a review of the state trial record by the district court. I doubt that the district court can give adequate reconsideration to this case under the Fitzgerald principles without an evidentiary hearing. I would not indicate otherwise by affirmance of Part II of the panel opinion. I agree with the en banc majority that Parts I and IV are correct as written in the panel opinion.

RIVES, Circuit Judge (concurring in part and dissenting in part):

I concur in the affirmance of Parts I, II and IV of the panel opinion, but respectfully dissent both from the vacation of Part III of the panel opinion and from the vacation of the judgment of the District Court.