William G. BRINKS,
Petitioner-Appellant,

v.

STATE OF GEORGIA,
Respondent-Appellee.

No. 74–4238
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 30, 1975.

William G. Brinks, pro se.

Arthur K. Bolton, Atty. Gen., John B. Ballard, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Petitioner raises a number of points in this 28 U.S.C. § 2254 action. Unfortunately, as the district court noted, petitioner has failed to exhaust his state remedies with respect to two of these purported errors, the question of whether the state trial court properly allowed the indictment to go to the jury room without proper instructions, and the

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

question of whether the trial judge's failure to sequester the jury violated petitioner's right to due process. Since that is the case, we remand this case to the district court with instructions that it dismiss the petition without prejudice in order to enable petitioner to seek relief in the Georgia courts. *See* Harris v. Estelle, 5 Cir. 1974, 487 F.2d 1293; Hargrett v. Wainwright, 5 Cir. 1973, 474 F.2d 987.

Vacated and remanded.