Louis D. LAMBERTI,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Director,
Division of Corrections,
Respondent-Appellant.

No. 74–2164.

United States Court of Appeals,
Fifth Circuit.

May 22, 1975.

---

Robert L. Shevin, Atty. Gen., Linda C. Hertz, Asst. Atty. Gen., Miami, Fla., for respondent-appellant.

Andrew Hall, Miami, Fla. (Court-appointed), for petitioner-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and LYNNE, District Judge.

GOLDBERG, Circuit Judge:

In an act of judicial rarity, we remand for exhaustion of state remedies after a United States District Court has granted the writ of habeas corpus.

Louis D. Lamberti, convicted of robbery by a jury of the Criminal Court of record in and for Dade County, Florida, was sentenced to 20 years in prison. His direct appeal was dismissed, apparently on account of untimely filing. Subsequently maintaining in habeas corpus proceedings before the appellate courts of Florida that the tardiness of his appeal was caused by the state court judge who tried and sentenced him, and that he was thus entitled to a belated appeal, Lamberti obtained no relief. He then initiated this habeas corpus suit in the United States District Court for the Southern District of Florida, still asserting primarily that the state trial judge had thwarted his direct appeal, but also claiming that the privately retained counsel who handled his post-trial motions had rendered him ineffective assistance. The district court below granted Lamberti the limited relief he sought, on the basis of his ineffective counsel argu-

ment, and the State of Florida appeals. We are reluctantly compelled to the conclusion that petitioner Lamberti failed to exhaust his state remedies; thus we reverse and remand.

The able trial judge's supererogation and impatience for ultimate justice is understandable even though it was impermissible in this case. Our decision is based not on ad hoc factual distinctions, but on compelling precedent. By remanding for exhaustion, we respect comity, yet we also reserve our commission to draw the precious writ from its sheath if a federal judicial remedy proves necessary and proper in the final disposition of Lamberti's lamentations. Our remand is not only technically and precedentially required, it is an exercise of judicial restraint appropriate to the traditions of our revered federalism. It is a salutary rule that requires a petitioner for the writ of habeas corpus to pass through the state's curative filters before applying to the federal judicial chambers. That the quest for the writ be so structured not only assures the State a power of redemption before federal judgment is brought to bear, but it also assures that our federal courts' perspective will not be blurred and obscured by an excess of petitions filed here in the first instance.

## I

Lamberti, represented at trial by privately retained counsel, was convicted and sentenced during the late evening hours of January 21, 1971. During the next day or two he retained new counsel, Harvey Silverman, to prepare his post-trial motions and to prosecute his appeal. On January 25, 1971, Silverman filed a notice of appearance and a motion requesting "an extension of the 4 day period [in which to move for a new trial] to 15 days pursuant to Rule 1.590(a) of the Criminal Rules of . . . Procedure." No action was ever taken on this motion. The following day Lamberti's trial coun-

1. Former Rule 1.590(a), now 3.590(a), of the Florida Rules of Criminal Procedure, provides:

   A motion for a new trial or in arrest of judgment, or both, may be made within four

sel, Richard Bergstresser, evidently oblivious to the solicitation of Silverman, also filed a motion for an extension of the period in which to move for a new trial to the maximum 15 days permitted in the Rules.[1]

Bergstresser's motion was granted on January 26. Silverman then proceeded to take over the representation of Lamberti. Finding Bergstresser unwilling to cooperate in preparation of Lamberti's motion for a new trial, Silverman was forced to rely on the transcript to reveal whatever errors might be claimed as grounds for a new trial. Unfortunately, preparation of the transcript was delayed beyond the 15 days allowed for presentation of the motion.

The state court record reflects that nothing further of any relevance transpired until February 27, 1971. On that date the trial judge entered an order reciting that there had been a delay in transcription of the trial and that it would be "impossible to make a proper motion for a new trial or to file an appeal" until the transcript was prepared, and extending the deadline for filing a motion for a new trial until 15 days after the complete transcript was in the hands of the defendant's attorney. Though it was evidently not so perceived at the time, this order was invalid, for the trial court possessed no authority to extend the motion period beyond 15 days from the entry of the verdict. *See* note 1 *supra.*

On March 19, 1971, Silverman filed a written motion for a new trial on Lamberti's behalf. This motion came within the time limits set in the February 27 order, but (after two amendments) it was ultimately denied on the merits in an order entered July 20, 1971. On August 2, 1971, a notice of appeal was filed. The State opposed Lamberti's appeal as untimely, arguing that his notice of appeal was not filed within 30 days of the entry of judgment as required under

   days, or such greater time as the court may allow, not to exceed fifteen days, after the rendition of the verdict or the finding of the court.

Florida Appellate Rule 3.2(b), and that the invalid February 27 order and subsequent trial court proceedings had no tolling effect on the 30 day limitation. The appeal was dismissed without opinion, apparently on the grounds raised by the State. Lamberti v. State, Fla.Dist.Ct. App., 3d Dist. 1972, 256 So.2d 422.

Lamberti then proceeded to petition the Florida District Court of Appeal on habeas corpus for a belated appeal. Acquiescent in the State's conclusion that his notice of appeal was untimely, Lamberti asserted chiefly[2] that his tardiness was caused by the trial court's unauthorized and allegedly misleading extension of time in which to file a motion for a new trial, and that the trial court had thus thwarted his appeal. Evidently unmoved by this claim, the Florida Court dismissed the petition without opinion. State ex rel. Lamberti v. Wainwright, Fla.Dist.Ct.App., 3d Dist. 1972, 270 So.2d 785. A second petition on the same theory was likewise dismissed without explanation. State ex rel. Lamberti v. Wainwright, Fla.Dist.Ct.App., 3d Dist. 1973, 276 So.2d 565. Thereafter Lamberti petitioned *pro se* before the Florida Supreme Court, urging basically the same points for the same relief. The Supreme Court denied relief on grounds of res judicata. Lamberti v. Wainwright, Fla.1973, 284 So.2d 202.[3]

Disappointed in the Florida Courts, Lamberti filed his habeas corpus petition in the federal district court below in October, 1973. That petition stated the same grounds for relief as were asserted before the state courts. In a subsequent memorandum, however, counsel for Lamberti advised the district judge below that "[t]he record establishe[s] a second ground for relief, ineffective assistance of counsel. Therefore, in the event the Court finds against the Petitioner on the ground raised [judicial thwarting of the appeal], the Petition should be stayed pending exhaustion on the second ground in State courts." The State responded immediately by letter contending that since Lamberti had not raised his ineffective counsel claim in the state courts, his entire petition should be dismissed without prejudice for failure to exhaust state remedies.

The able district judge pretermitted consideration of the issue chiefly contested in the state habeas proceedings. Instead, after a hearing, the court concluded that Lamberti's direct appeal had been frustrated by the ineffective assistance of his counsel, and judged that this deficiency was of constitutional proportions despite the fact that Lamberti's counsel was privately retained. Addressing the question of Lamberti's exhaustion of state remedies regarding the in-

---

**2.** Lamberti has additionally argued in his state and federal habeas corpus applications that his appeal was thwarted by the trial court's failure to advise him at the close of trial of the 30 day limitation on the filing of a notice of appeal, and by the court reporter's failure to prepare his trial transcript with dispatch. These asserted grievances are not significant to our resolution of this case.

**3.** The federal district court below found that when confronted with delay in obtaining the trial transcript, Silverman approached the state trial judge and received assurances from him then that Lamberti would be allowed 15 days after the transcript was received in which to file for a new trial. Lamberti's state habeas papers, however, never asserted that the trial judge had made any such assurances prior to the February 27 order. Rather, his first petition relied upon the allegation that he and his counsel were misled by the February 27 order into believing that time remained in which to move for a new trial, then appeal. Evidently

recognizing the vulnerability of this approach, in view of the fact that the time to file a notice of appeal had already expired by February 27, Lamberti revised his argument in his second habeas petition to the District Court of Appeal to include an allegation that he was misled by the fact that the trial judge failed to act upon Silverman's January 25 motion until February 27. Aside from the fact that the January 25 motion asked only for a 15 day extension from the return of the verdict, and aside from the question of the sufficiency of this factual allegation to make out a case of judicial error, the plausibility of the assertion that Lamberti and Silverman were misled would seem to depend upon the premise that they were unaware of the success of Bergstresser's January 26 motion, a point not mentioned in the petitions. Lamberti's papers before the Florida Supreme Court essentially recapitulated his second habeas corpus submission to the District Court of Appeal.

effectiveness of counsel claim, the district court reasoned:

> Even though none of the state courts have ever considered whether under the facts presented petitioner was deprived of the effective assistance of counsel, those courts were certainly given a fair opportunity to do so. This . . . is all that comity, the gist of the exhaustion doctrine, requires.

The district judge then entered an order providing that unless Lamberti were afforded a belated appeal in the Florida courts within a reasonable time, a writ of habeas corpus would issue releasing him from all restraint under his robbery conviction.

## II

Petitioner Lamberti urges, and the State disputes, that his ineffective assistance of counsel claim was subsumed within the "judicial thwarting" position argued in the state courts, and thus that the Florida courts were afforded a fair opportunity to pass on the claim now pressed in the federal courthouse. It is true of course that the basic facts upon which Lamberti grounds his ineffective counsel argument were laid before the state courts.[4] The question is whether the exhaustion provision of 28 U.S.C. § 2254(b) requires that Lamberti should have presented his legal argument before the state judiciary as well.

Analysis begins with Picard v. Connor, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438. Connor, indicted for murder by a Massachusetts grand jury under a "John Doe" warrant procedure authorized by Massachusetts legislation, was convicted in the state courts. In his state court trial proceedings and on direct appeal in the state courts he urged that the "John Doe" warrant technique offended his constitutional rights by de-

nying him the protections of a grand jury indictment in a state felony proceeding. Connor sought federal habeas corpus relief, but the writ was refused by the district court. On appeal the First Circuit assumed the continuing inapplicability of the Fifth Amendment's Grand Jury clause to the states, but proceeded to afford Connor relief on the theory, raised sua sponte by the court, that "the procedure by which [Connor] was brought to trial deprived him of the Fourteenth Amendment's guarantee of equal protection of the laws." Connor v. Picard, 1 Cir. 1970, 434 F.2d 673, 674. On certiorari, the Supreme Court reversed the First Circuit's decision, and held that Connor failed to exhaust the Equal Protection claim in the state courts:

> We are . . . unable to agree with [the First Circuit] that [Connor] provided the Massachusetts "court with 'an opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim.'" [citation] To be sure, [Connor] presented all the facts. Yet the constitutional claim the Court of Appeals found inherent in those facts was never brought to the attention of the state courts. The [Massachusetts] Supreme Judicial Court dealt with the arguments respondent offered; we cannot fault that court for failing also to consider sua sponte whether the indictment procedure denied respondent equal protection of the laws. . . . We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts. The claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination.

404 U.S. at 277–78, 92 S.Ct. at 513, 30 L.Ed.2d at 444–45.[5] Under *Connor* we

---

4. *But see* note 3 *infra.*

5. *See also* Minafee v. Estelle, 5 Cir. 1974, 491 F.2d 1096.

   The Supreme Court has rephrased its *Connor* standard somewhat in Humphrey v. Cady, 1972, 405 U.S. 504, 516, n. 18, 92 S.Ct. 1048,

1056, 31 L.Ed.2d 394, 407, saying that "[t]he question . . . is whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim . . . .." We do not regard this casual

are bound here to hold that petitioner Lamberti's effectiveness of counsel argument was not adequately presented to the Florida courts.

Lamberti's state court petitions nowhere suggested that he relied upon the Sixth Amendment's right to assistance of counsel, or that he might be considered aggrieved in respect of a constitutional right if the tardiness of his notice of appeal in the Florida courts were considered the responsibility of his privately retained counsel. Indeed, Lamberti's state habeas corpus petition relied primarily, and without any apparent hesitation, upon Baggett v. Wainwright, Fla.1970, 229 So.2d 239, 242, in which the Florida Supreme Court revealed a disinclination to view the failure of privately retained counsel to timely perfect an appeal as a problem attaining any constitutional proportions.[6]

■ A habeas petitioner need not spell out each syllable of his claim before the state courts in order to satisfy the exhaustion requirement of § 2254(b). It suffices that the substantial equivalent of a petitioner's federal habeas claim has been argued in the state proceedings. In Bryant v. Caldwell, 5 Cir. 1973, 484 F.2d 65, the petitioner had argued to the state courts that the state trial judge presiding at the petitioner's criminal trial had wrongly permitted court-appointed defense counsel to absent himself during the prosecutor's closing argument; but relief was denied by the state courts. On federal habeas corpus the petitioner refocused his attack, and asserted that

his counsel's disappearing act denied him effective assistance. We held that despite this shift in perspective regarding the theory of the grievance, since the state supreme court had found that "[u]nder no theory can it be maintained that the trial court committed any error," the petitioner had adequately exhausted his state remedies under Connor; thus we proceeded to the merits.

■ We find the matter at bar unlike the Bryant case, however. To begin with, here the state courts reviewing Lamberti's petitions have said nothing to indicate that they considered any claim or theory that was not specifically raised to their attention by the parties; we are reluctant to infer from their silence any suggestion that Lamberti's present assertions have been passed upon. See McBride v. Estelle, 5 Cir. 1975, 507 F.2d 903; Alonzo v. Estelle, 5 Cir. 1974, 500 F.2d 672.[7] Moreover, Bryant's result was based on the recognition that the ineffective assistance of appointed counsel moulding applied in the federal forum was simply an obvious variant to the frame tried on the petitioner's claim in the state courts. In the perspective of existing case law, however, we can hardly regard petitioner Lamberti's ineffective assistance of privately retained[8] counsel argument as an equally obvious variant on the theory Lamberti asserted in the state courts. Holdings in this Circuit[9] current at the time Lamberti filed his state habeas corpus petitions indicated that deficiencies of privately retained counsel would not constitute

---

rearticulation as any modification of the Connor holding, however.

**6.** Lamberti does not assert, however, nor do we believe, that Baggett would have rendered application to the Florida courts on this issue futile. See generally Blackledge v. Perry, 1974, 417 U.S. 21, 22, 94 S.Ct. 2098, 2100, 40 L.Ed.2d 628, 632; Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1098–99 (1970); cf. Wilwording v. Swenson, 1971, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418. Cf. also note 9 infra.

**7.** By contrast, in both Collier v. Estelle, 5 Cir. 1974, 488 F.2d 929, on which Lamberti relies, and Macon v. Lash, 7 Cir. 1972, 458 F.2d 942,

a case somewhat similar to the matter sub judice, the states' courts' dispositions themselves raised the issues confronted on the federal habeas application.

**8.** Like Bryant, Collier v. Estelle, supra note 7, 488 F.2d at 931 n. 4, on which Lamberti particularly relies, and Macon v. Lash, supra note 7, involved appointed counsel.

**9.** We do not mean to suggest that the Florida courts were constrained at any time to take no more expansive view of a criminal defendant's federal constitutional right to effective assistance from privately retained counsel. Indeed, our opinion in Breedlove v. Beto, 5 Cir. 1968, 404 F.2d 1019, n. 1, recognized the conflict in the authorities on this question.

grounds for habeas corpus relief in the absence of "fraud and deceit." [10] *See, e. g.,* McGriff v. Wainwright, 5 Cir. 1970, 431 F.2d 897; Langford v. Alabama, 5 Cir. 1969, 422 F.2d 760; Howard v. Beto, 5 Cir. 1967, 375 F.2d 441; Breedlove v. Beto, 5 Cir. 1968, 404 F.2d 1019, n. 1; *cf., e. g.,* Pate v. Holman, 5 Cir. 1965, 341 F.2d 764, 775. *See also* Baggett v. Wainwright, Fla.1970, 229 So.2d 239, 242.[11] Indeed, in the state habeas corpus proceedings the Florida Attorney General answered Lamberti's assertions that the state trial court had thwarted his appeal precisely by arguing that responsibility for tardy filing lay solely with Lamberti himself or his privately retained counsel. In this context we cannot say that Lamberti's present theory that the failure of his privately retained counsel to perfect his appeal establishes a federal constitutional grievance was fairly presented to the Florida courts despite the absence of any such suggestion in his own papers.[12]

Lamberti only urged the state courts to see that the trial judge had deprived him of his appeal by misleading his counsel; he never suggested a theory on which the state courts could afford him relief from the effects of any errors of his privately retained counsel. Since his ineffective assistance of retained counsel theory is not the substantial equivalent of his "judicial thwarting" ground, comity compels us to the conclusion that the district court erred in entertaining Lamberti's ineffective counsel argument before it had been adequately presented to the state courts.

## III

The question remains whether on remand the district court may entertain Lamberti's petition on the grounds he originally asserted, *i. e.,* that his appeal was thwarted by the state trial judge. Reluctantly, we conclude that comity mandates Lamberti's return to the state courts for full exhaustion with respect to both his claims.

While the Supreme Court has been spared consideration of the issue,[13] this Court has recently reaffirmed *en banc* the rule that, "Ordinarily a state prisoner seeking federal habeas corpus must exhaust available state remedies with respect to each claim in his habeas petition, or his petition will be denied by the federal courts." West v. Louisiana, 5 Cir. 1973, 478 F.2d 1026, 1034, aff'd regarding exhaustion en banc, 5 Cir. 1975, 510 F.2d 363.[14] This principle derives from a balance struck between the competing values of the prompt vindication of federally protected rights of criminal defendants and the deference engendered by comity between the federal and state courts. We are not at liberty here to upset that balance.

It is true that in a number of cases [15] in which habeas petitioners have exhausted state remedies with respect to

10. Atilus v. United States, 5 Cir. 1969, 406 F.2d 694.

11. In fact, panel opinions of this Court in West v. Louisiana, 5 Cir. 1973, 478 F.2d 1026, aff'd in part en banc, 5 Cir. 1975, 510 F.2d 363, and Fitzgerald v. Beto, 5 Cir. 1973, 479 F.2d 420, rev'd en banc sub nom. Fitzgerald v. Estelle, 5 Cir. 1974, 505 F.2d 1334, indicating that deficiencies in the representation of privately retained counsel may give rise to a constitutional claim cognizable on habeas corpus, were reported (and the cases were ordered to be reheard en banc) while the Florida Supreme Court held Lamberti's petition under advisement. Those opinions were never brought to the attention of the Florida Supreme Court in Lamberti's case, however; and the Court ultimately dismissed his claim on the ground that it raised "identical issues which were previously raised and disposed of adversely to the petitioner by the District Court of Appeal." 284 So.2d 202.

12. *Cf., e. g.,* Pate v. Holman, 5 Cir. 1965, 343 F.2d 546; Blair v. California, 9 Cir. 1965, 340 F.2d 741; Pennsylvania ex rel. Raymond v. Rundle, 3 Cir. 1964, 339 F.2d 598.

13. *See* Francisco v. Gaithright, 1974, 419 U.S. 59, 63, 95 S.Ct. 257, 259, 42 L.Ed.2d 226, 230.

14. *See also, e. g.,* Brinks v. Georgia, 5 Cir. 1975, 512 F.2d 673; Harris v. Estelle, 5 Cir. 1974, 487 F.2d 1293, 1296–97; Hargrett v. Wainwright, 5 Cir. 1973, 474 F.2d 987.

15. *See, e. g.,* Ardister v. Hopper, 5 Cir. 1974, 500 F.2d 229, 232; Singleton v. Estelle, 5 Cir. 1974, 492 F.2d 671; Harris v. Estelle, 5 Cir. 1974, 487 F.2d 1293, 1296–97; McDonald v. Wainwright, 5 Cir. 1972, 466 F.2d 1136.

only some of their several theories of relief, we have addressed and dismissed on the merits insubstantial arguments which were exhausted (while dismissing unexhausted contentions without prejudice). But in these cases our exercise of judicial economy has been justified by the recognition that *denial* of relief on those exhausted claims would not offend against comity.

In two cases we have affirmed the extension of federal habeas corpus relief on an exhausted claim while dismissing a non-exhausted claim without prejudice for non-exhaustion: West v. Louisiana, *supra,* and Moye v. Highsmith, 5 Cir. 1972, 460 F.2d 1388, aff'g Moye v. Georgia, N.D.Ga.1971, 330 F.Supp. 290. But we find those cases of no avail to petitioner Lamberti here. In *West* two considerations combined to compel exception to the ordinary rule requiring exhaustion in respect of all claims when relief is to be granted on any claim. First, judging from past experience with West's petitions in the state courts, the prospect of state court relief was tinged with delay. The promptness of the Florida courts in negotiating Lamberti's past petitions eliminates that consideration here, however. The other, and larger, consideration in *West* was that

> the State did not contend in the district court that West had failed to exhaust his state remedies. Failure to raise the contention of lack of exhaustion at the district court level is ordinarily a bar to its consideration on appeal. [citations][16] By failing to press this issue below, the State implicitly acknowledged the insubstantiality of its interest in further adjudicating West's claim. Against this minimal state interest, there is a substantial

interest on the part of both the defendant and the federal courts in promptly resolving this case. . . .
We see no reason to delay longer in vindicating these rights.

478 F.2d at 1034–35, aff'd regarding exhaustion *en banc,* 5 Cir., 510 F.2d 363. This aspect of the *West* case, too, distinguishes it from the matter at bar; at the first suggestion in the federal proceedings of Lamberti's ineffective counsel argument, the State promptly responded that the issue wanted exhaustion. Moye v. Highsmith, the other case granting relief on an exhausted habeas claim while dismissing unexhausted issues, predates the panel and *en banc* opinions in *West* and their adherence to the ordinary rule requiring exhaustion on all claims. Moreover, the specific issue addressed here was never discussed in either the district or circuit court opinions in *Moye,* and the appellate opinion does not even mention that any of *Moye's* contentions in the district court were dismissed on exhaustion grounds. Given this, we are unwilling to read *Moye* as denominating an exception to the general rule later reaffirmed in *West.*

Thus, we find no reason to except petitioner Lamberti from the general dictate of comity that he present all his contentions in the state courts before resorting to federal habeas corpus. On the contrary, we find applicable and persuasive the suggestion of Judge Clark[17] and the holding of Judge Weinfeld[18] that, particularly where the exhausted claim is related to a non-exhausted claim, comity requires exhaustion on all matters in order to assure the state courts a complete perspective on the problem.[19]

16. *See also* Smith v. Goguen, 1974, 415 U.S. 566, 576, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605, 614 (decided after the panel opinion in *West*).

17. Harris v. Estelle, 5 Cir. 1974, 487 F.2d 1293, 1297.

18. United States ex rel. Ferguson v. Deegan, S.D.N.Y.1971, 323 F.Supp. 42.

19. While in light of our holding we need not gauge its precise legal significance, we do note

that there are some differences between the factual case asserted by Lamberti in the Florida courts and the facts as found by the district court below in regard to the assurances given attorney Silverman by the state trial judge before February 27, 1971, that Silverman would have fifteen days to prepare the new trial motion following receipt of the completed transcript. *See* note 3 *supra.*

The judgment of the district court is reversed, and the cause is remanded with directions to dismiss the petition without prejudice to petitioner's reapplication, if necessary, following exhaustion of his state court remedies in respect of his claims.

Reversed and remanded.