Don V. STINSON, Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76–2363
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1977.

Rehearing En Banc Granted
Feb. 28, 1977.

Don V. Stinson, pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., Barry V. Hunter, Asst. Atty. Gen., Birmingham, Ala., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Petitioner-appellant Don Stinson seeks federal habeas corpus relief from his Alabama state robbery conviction, urging numerous grounds of alleged constitutional error. The court below ruled against appellant on all points and dismissed his application on the merits without an evidentiary hearing.

■ From the state of the record on appeal, we are unable to conclude that all of appellant's allegations are wholly without merit. More importantly, however, we cannot discern from this record whether the Alabama state courts have had an opportunity to consider all of the constitutional issues appellant now raises in federal court. On direct appeal from his conviction, the Alabama criminal appeals court considered and rejected appellant's contentions regarding an illegal search. Because appellant received a full and fair state court hearing on this claim, he is foreclosed from now raising the issue in a federal habeas proceeding. *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Appellant has apparently presented none of his other constitutional contentions in state court.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

The policy of this court is to defer consideration of a state prisoner's claim for federal habeas relief until he has exhausted his state remedies on *all* issues raised in his federal habeas petition. In *Lamberti v. Wainwright*, 513 F.2d 277 (5 Cir. 1975), another panel of this court recently refused to consider a claim for which state remedies had been exhausted because the habeas petition also asserted a non-exhausted claim, explaining:

> [T]his Court has recently reaffirmed *en banc* the rule that, "Ordinarily a state prisoner seeking federal habeas corpus must exhaust available state remedies with respect to each claim in his habeas petition, or his petition will be denied by the federal courts." *West v. Louisiana*, 5 Cir. 1973, 478 F.2d 1026, 1034, aff'd regarding exhaustion en banc, 5 Cir. 1975, 510 F.2d 363. This principle derives from a balance struck between the competing values of the prompt vindication of federally protected rights of criminal defendants and the deference engendered by comity between the federal and state courts. We are not at liberty here to upset that balance.

513 F.2d at 283. *See also Hargrett v. Wainwright*, 474 F.2d 987, 988 (5 Cir. 1973) ("Rules of comity, as well as the policy against piecemeal litigation, dictate that federal courts will not consider a petition for the writ of habeas corpus until all issues raised therein have been presented to a state court.").

We remand the cause to the district court to determine whether appellant has exhausted state remedies on all constitutional claims raised in his habeas petition. If appellant has failed to exhaust state remedies as to any of his claims, his application should be dismissed without prejudice to allow him to pursue his state remedies.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLD-BERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL and FAY, Circuit Judges.

BY THE COURT:

A majority of the Judges in active service, on the Court's own motion, having determined to have this case reheard en banc,

IT IS ORDERED that this cause shall be reheard by the Court en banc on briefs without oral argument. The Clerk will specify a briefing schedule for the filing of supplemental briefs.