**SOULIA v. O'BRIEN, Warden.**

**No. 4552.**

United States Court of Appeals
First Circuit.

April 9, 1951.
Writ of Certiorari Denied May 7, 1951.
See 71 S.Ct, 794.

Joseph J. McGovern, Boston, Mass. (Margaret F. McGovern and McGovern & McGovern, all of Boston, Mass., on the brief), for appellant.

Stephen A. Moynahan, Dist. Atty. Western District, Springfield, Mass. (Francis E. Kelly, Atty. Gen. Massachusetts, and Henry P. Fielding, Asst. Atty. Gen. Massachusetts, on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge,

This is an appeal from an order dismissing a petition for a writ of habeas corpus.

On the evening of November 22, 1948, Francis W. Hudson was shot dead on his chicken farm in Chicopee, Massachusetts. The grand jury for the County of Hampden, Mass., returned an indictment charging Henry N. Soulia, appellant herein, with the murder. A plea of not guilty was entered. Alleging that he was without property or funds, Soulia petitioned the Superior Court to appoint as his counsel Arthur T. Garvey, Esq., and Michael G. Kane, Esq. This petition was granted. The defense was undertaken by Messrs. Garvey and Kane, both experienced trial counsel who had participated in the defense of a number of murder cases. A verdict of guilty of murder in the first degree was reported by the jury, and Soulia was sentenced to death. On appeal, the judgment of conviction was affirmed. Commonwealth v. Soulia, 1949, 325 Mass. 155, 89 N.E.2d 514.

Thereafter various proceedings took place in the state and federal courts, Soulia meanwhile having procured new counsel. These moves to upset the conviction were uniformly unsuccessful.

Finally, on October 26, 1950, Soulia filed in the court below his present petition for a writ of habeas corpus. The main claim set forth in the petition was that the prosecuting authorities had obtained Soulia's conviction by the knowing use of perjured testimony of the state's ballistics expert, Sergeant Charles P. Van Amburgh, head of the Bureau of Ballistics, Department of Public Safety, Massachusetts State Police.

The district court issued an order to show cause, to which respondent, Warden of Massachusetts State Prison, filed his return. The case came on for a full hearing on the allegations of the petition. Soulia was present in court pursuant to a writ of habeas corpus ad testificandum, but did not testify. Among the witnesses heard by the court were Sergeant Van Amburgh and Merton A. Robinson, the latter a ballistics expert whom the defense had been permitted

to employ at state expense, but who did not testify at the trial because counsel concluded that the testimony he was prepared to give would not be helpful to Soulia's case. The two counsel who defended Soulia at the trial also testified. An extensive memorandum of decision was filed by the district judge. It is reported at 94 F.Supp. 764, 768. The district judge found as a fact "that Sergeant Van Amburgh did not commit perjury in his testimony concerning the mortal bullet. Obviously, with this finding, the charge that the district attorney knowingly coerced and employed perjured testimony in this regard at the trial falls. In the opinion of this court the charge against the district attorney is baseless and unwarranted. As far as this court can determine there is nothing in this charge nor in any other that reflects in the remotest manner upon the integrity of the district attorney and other state authorities." On the record, this finding was fully warranted; indeed it is difficult to see how the judge could have reached any other conclusion.

Other points presented by petitioner were the merest grasping at straws. We need say no more than that we have considered them and find them to be without any merit at all.

The order of the District Court is affirmed.

WOODBURY, Circuit Judge (concurring).

A careful reading of the application for writ of habeas corpus discloses nothing to indicate that the Commonwealth of Massachusetts afforded the petitioner no remedy, or that the remedy afforded him by the Commonwealth was in the slightest degree inadequate. Nor is there anything in the petitioner's application to indicate the existence of any exceptional circumstances of peculiar urgency warranting intervention by a federal court. For all that appears in the application, the courts of the Commonwealth have afforded the petitioner a full and fair opportunity to establish the factual basis upon which his assertions of deprivation of federal constitutional rights rest, and his only complaint is that those courts determined that no

factual basis for his assertions existed. Therefore, as I see it (Coggins v. O'Brien, Warden, 1 Cir., 1951, 188 F.2d 130), respect for the delicacy of the relationship between the federal and state governments under our dual system required the court below to deny the petitioner a hearing. However, it is obvious that the error did the petitioner no harm, but, on the contrary, gave him more than his due. In my view the petitioner's application should have been dismissed without hearing.