Robert Winston McDONALD, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 72-1977

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1972.

Rehearing Denied Oct. 11, 1972.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert Winston McDonald, pro se.

Robert L. Shevin, Atty. Gen., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Robert McDonald, a Florida state prisoner,[1] appeals the district court's denial of his petition for habeas corpus relief. We affirm in part, and vacate and remand in part.

In the proceedings below the appellant contended that his conviction for robbery is invalid because: (1) he was denied a trial comporting with standards of fundamental fairness due to the total lack of evidence to support his conviction; (2) he was denied effective assistance of counsel; (3) both the prosecutor and the trial judge made prejudicial comments during the course of the trial; and (4) he was denied full appellate review because the court reporter failed to transcribe the jury selection and the closing arguments.

We agree with the district court that the appellant was not entitled to federal habeas relief on the basis of his first two contentions. We also agree that the complained-of-error in the jury instructions given by the trial judge does not rise to the level of constitutional magnitude.

As to his contention that he was prejudiced by a remark made by the prosecutor during closing arguments, the appellant alleged that the prosecuting attorney stated to the jury that he had just finished serving time for a robbery conviction in Georgia, and related the details of the previous crime.

While the record before this Court shows that the appellant testified in his own behalf, and admitted having been convicted of a prior felony, the trial transcript does not disclose any testimony concerning the nature of the prior crime. If in fact the prosecuting attorney related the factual details of a prior similar crime, without any evidence having been introduced as to the veracity of his comments, then the remarks were erroneously permitted.

With regard to this contention, the district court held that it was "clearly refuted by the record of the case filed herein by the respondent." Since the closing arguments were not transcribed, the ruling is unsupported for there was no way by which that court could determine the merit of the appellant's contention on the record before it.

On appeal, the appellee has argued that this Court should affirm the district court's judgment with respect to the alleged prosecutorial impropriety. First it is urged that the appellant is foreclosed from presenting the contention because no objection was entered by the defense at the time of the alleged comment. Although the failure to object to a prosecutor's closing argument will usually foreclose litigation of the issue at a later time unless the comments

---

1. Appellant, represented by court appointed counsel, was convicted of robbery after trial before a jury and guilty verdict. Sentence to twenty years imprisonment followed on July 9, 1970. He is presently confined under that sentence.

**1138**

amount to plain error, United States v. Webb, 5th Cir.1972, 463 F.2d 1324 without a record containing the arguments this Court is not in a position to determine whether an objection was actually lodged. Moreover, a question arises as to whether this appellant should be bound by the alleged failure of his attorney to object in view of the appellant's attack on the quality of his court-appointed counsel's representation.

 Alternatively, the appellee argues that the appellant is not entitled to federal consideration of the issue due to his failure to exhaust his state remedies relative thereto. We agree with this contention.

The record before this Court discloses that the only issue presented by counsel on the appellant's direct criminal appeal was that of the sufficiency of the evidence. The appellant also filed a *pro se* brief on appeal, but failed to raise the issue therein, contrary to the statement he has made in his reply brief filed in this Court. The appeal was affirmed without written opinion by the Florida District Court of Appeal, McDonald v. State, Fla.App.1971, 246 So.2d 646. The first time the appellant presented the contention to his state courts was on his petition for writ of habeas corpus filed in the Florida Supreme Court, which was denied. It also appears that he filed a motion pursuant to Rule 1.850, Fla. C.Cr.P., 33 F.S.A., but that the issue was not adjudicated because that motion was dismissed for want of jurisdiction in view of his then pending direct appeal.

The appellant's allegation of prejudicial prosecutorial argument, if proved, might warrant granting the relief he seeks unless the remark is found to be harmless error. That determination is not for this Court to make, Welsh v. Beto, 5th Cir.1968, 400 F.2d 582; nor would it be proper for the district court to consider the matter without first giving the courts of the State of Florida the opportunity to rule on the alleged error. Johnson v. Wainwright, 5th Cir.

1971, 453 F.2d 385; Harrison v. Wainwright, 5th Cir.1970, 424 F.2d 633.

We therefore vacate the district court's denial of habeas relief as to the appellant's contention of prejudicial prosecutorial comments, and remand the cause with instructions that the habeas petition as it relates to that issue be dismissed without prejudice for failure to exhaust state remedies. Meadows v. Beto, 5th Cir.1972, 455 F.2d 985. In all other respects the judgment appealed from is affirmed.

Affirmed in part; vacated and remanded in part.