Essie George FLUELLEN, Petitioner,

v.

Donal CAMPBELL, et al., Respondents.

Civ. A. No. 3:87–0567.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 6, 1987.

Opinion on the Merits Nov. 12, 1987.

Essie George Fluellen, pro se.

Jerry Smith and Robert Conley, Asst. Attys. Gen., State of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation.

The petitioner Mr. Essie George Fluellen applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of conviction of December 3, 1980 of the Criminal Court of Tennessee for its (now) 20th judicial district (comprising Davidson County) in violation of the federal Constitution, Fourteenth Amendment, § 1, Due Process of Law Clause.* 28 U.S.C. §§ 2241(c), 2254(a). Mr. Fluellen claims that he exhausted his available state-remedies by having presented fairly his claims herein to the Supreme Court of Tennessee.

Mr. Fluellen claims that he was denied his federal right to the due process of law when his trial Court admitted evidence of his prior conviction without considering whether its probative value outweighed its prejudicial effect. He claims a further deprivation of such right because of misconduct on the part of the prosecuting attorney, in making an impermissible comment during the trial relative to the burden of proof and in making an improper closing argument to the jury.

"No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment. "* * * 'A fair trial in a fair tribunal is a basic requirement of due process.' * * *" *Irvin v. Dowd*, 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961). If the complained-of remarks

---

* Although the petition herein does not refer specifically to the Fourteenth Amendment of the federal Constitution, pro se petitions are held " * * * to less stringent standards than formal pleadings drafted by lawyers * * *." *Haines v.* *Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596[2], 30 L.Ed.2d 652 (1972), *reh. den.,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). The Court, therefore, in its discretion, interprets such petition as stating a Fourteenth-Amendment claim.

by the prosecuting attorney and the introduction of evidence of a prior conviction resulted in a prejudicially unfair trial, Mr. Fluellen may be entitled to relief in this Court.

It not appearing plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, Rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. (The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.)

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion-matter and thereafter allow the respondent additional time in which to file a supplemental answer, addressing the merits of the petition, as may be indicated.

## ON THE MERITS

The respondent answered, *see* order herein of August 6, 1987, and contends that none of the claims herein have merit and that the petition of the applicant herein should be dismissed. That insistence is meritorious.

Mr. Fluellen claims that his trial Court erred when it ruled that his prior robbery-conviction would be admitted into evidence for impeachment purposes without considering whether its probative value outweighed its prejudicial effect. This claim relates to an evidentiary issue, and "[e]videntiary issues do not support a petition under [28 U.S.C.] § 2254 unless the introduction of such evidence violates a specific constitutional provision." *Freeman v. Mabry*, 570 F.2d 813, 814, n. 2 (8th Cir.1978), *cert. den.*, 439 U.S. 845, 99 S.Ct. 142, 58 L.Ed.2d 146 (1978), citing *Spencer v. State of Texas*, 385 U.S. 554, 568–569, 87 S.Ct. 648, 656, 17 L.Ed.2d 606 (1967).

▪ Mr. Fluellen asserts that his trial Court's ruling, that his prior conviction would be admitted into evidence in the event he chose to testify, prevented him effectively from testifying, in violation of his federal-constitutional right to the due process of law. "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." *Lisenba v. People of State of California*, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941).

This Court FINDS from the record that the ruling in favor of the introduction of the complained-of evidence did not deprive Mr. Fluellen of a fair trial. Under Tennessee law "[s]tealing is dishonest conduct and an offense involving such conduct is a proper subject of cross-examination." *State v. Holtcamp*, 614 S.W.2d 389, 394[14] (Tenn. Cr.App.1980). Therefore, the trial court found properly that Mr. Fluellen's prior robbery-conviction could be used to impeach his credibility if he elected to testify. Mr. Fluellen elected not to testify; he was not, however, prevented from testifying by the trial court at any time.

Mr. Fluellen complains also that, during his closing argument, the prosecuting attorney was guilty twice of misconduct. He claims that such attorney made an impermissible comment which, in effect, shifted the burden of proof to him and that such attorney made reference to matters not introduced into evidence.

▪ This Court's review of the alleged improper prosecutorial-comments is "the narrow one of due process, and not the broad exercise of supervisory power." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1874, 40 L.Ed.2d 431 (1974); quoting from *DeChristoforo v. Donnelly*, 473 F.2d 1236, 1238 (1st Cir.

1973). During defense-counsel's closing argument, he made reference to blood-typing and analysis that the state failed to have performed, which may have strengthened the connection between Mr. Fluellen and the crime with which he was accused of having committed. The prosecuting attorney during his rebuttal, then remarked, "if he (the defense-attorney) thinks that is such good evidence, why didn't he request that it be done ..."

This Court FINDS that this comment in no way imposed upon the jury a presumption which conflicted "with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime." *Morissette v. United States*, 342 U.S. 246, 275, 72 S.Ct. 240, 256, 96 L.Ed. 288 (1952), quoted in *Sandstrom v. Montana*, 442 U.S. 510, 523, 99 S.Ct. 2450, 2459, 61 L.Ed.2d 39 (1979). The complained-of comment was "at most tangentially related to the burden of proof." *O'Bryan v. Estelle*, 714 F.2d 365, 387 (5th Cir.1983), *cert. den.*, 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).

 Mr. Fluellen claims in addition that the prosecuting attorney made reference to alleged facts *de hors* the record. During his closing remarks, the prosecuting attorney stated: "and, also looking at the fact that the police officer did not find the defendant's car broken down on the road, where he said it was, he said he had car trouble." A review of the record reflects a lack of any evidence to establish that the pertinent police-officer conducted a search for Mr. Fluellen's vehicle.

It is error for the prosecuting attorney to comment on anything that has not been introduced into evidence, *McDonald v. Wainwright*, 466 F.2d 1136, 1137 (5th Cir. 1972); however, "[e]rrors, with respect to the * * * comments of the [prosecuting] attorney on the evidence, do not measure up to the dignity of lack of due process." *Soulia v. O'Brien*, 94 F.Supp. 764, 771, (D.C.Mass.1950), *aff'd.*, 188 F.2d 233 (1st Cir.1951), *cert. den.*, 341 U.S. 928, 71 S.Ct. 794, 95 L.Ed. 1359 (1951), *reh. den.*, 341 U.S. 957, 71 S.Ct. 1006, 95 L.Ed. 1378 (1951). This Court FINDS that any such

misconduct was not "pronounced and persistent with a probable [consequential] cumulative effect upon the jury" but was "slight [and] confined to a single instance" and that the petitioner suffered no prejudice therefrom. *Berger v. United States*, 295 U.S. 78, 89, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

As the petitioner Mr. Essie George Fluellen has not established herein a deprivation of his federal Constitutional rights, he hereby is

DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed *in forma pauperis*. Rule 24(a), F.R.Civ.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which WILL issue because of the issue of law implicated herein. *Id.*