Moses A. COURY, Petitioner,

v.

Gary LIVESAY, etc., et al.,
Respondents.

Civ. A. No. 3:86–0626.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 8, 1986.

On Motion for New Trial Oct. 29, 1986.

On Habeas Corpus March 7, 1988.

Thomas A. Thinnes, Martin Lieberman, Phoenix, Ariz., Kenneth J. Ries, Neal & Harwell, Nashville, Tenn., for petitioner.

Jerry Smith, Kathy M. Principe, Office of the Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE OF PROBABLE-CAUSE

NEESE, Senior District Judge, by designation and assignment.

The petitioner Mr. Moses A. Coury applied for the writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of September 24, 1983 of the Criminal Court of Tennessee for its 21st judicial district (en-compassing Williamson County) in violation of the Constitution, Fifth Amendment, Right Against Self–Incrimination Clause, and Sixth Amendment, Right to a Fair and Impartial Jury Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). It is claimed he was denied a fair trial because of prejudice arising from prosecutorial-misconduct in (a) his improper statements in the courtroom relative to the considerable expense incurred by the state of Tennessee in bringing the matter to trial and to the estimated strength of his case, and (b) his comment in the presence of the jury on the failure of the petitioner to testify in violation of the Constitution, Fifth Amendment, *supra.*

 This Court reviewed the record and finds, with respect to the claim herein of prosecutorial-misconduct due to improper statements made in the courtroom, that Mr. Coury has not exhausted his available state-remedies.[1] Therefore, his petition herein must be dismissed in its entirety. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); *Bowen v. State of Tennessee,* 698 F.2d 241, 243–244[2] (6th Cir.1983) (*en banc*).

As a condition-precedent to seeking federal habeas corpus relief, a state-prisoner is obligated to exhaust his available state-remedies, by presenting his federal-constitutional claims to the state courts, 28 U.S.C. § 2254(b), (c), *Preiser v. Rodriguez,* 411 U.S. 475, 477, 93 S.Ct. 1827, 1830[2], 36 L.Ed.2d 439 (1973). This is "to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). (Citations omitted).

 In order to have exhausted his state-remedies, Mr. Coury must have presented fairly his claims herein to the state courts as federal-constitutional claims and not merely as similar respective claims arising under state-law. *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir.1984); *see also, Picard v. Connor,* 404 U.S. 270, 275–276,

---

**1.** While the respondent's answer to the petition herein concedes the petitioner's exhaustion of state-remedies, the exhaustion-rule may not be conceded or waived and must be considered *sua sponte* by the Court. *Alcorn v. Smith,* 724 F.2d 37, 39 (6th Cir.1983).

92 S.Ct. 509, 512[2], 30 L.Ed.2d 438 (1971). "A difference in legal theory between that urged in the state courts and in a petition for a writ of habeas corpus precludes exhaustion. * * * " *Wilks v. Israel,* 627 F.2d 32, 38[10] (7th Cir.1980), *cert. den.,* 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1981), cited with approval in *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277[1], 74 L.Ed.2d 3 (1982).

Mr. Coury presented his claim of prosecutorial-misconduct herein to the courts of Tennessee in the following language:

> The issue presented for review concerns the improper conduct of the District Attorney General ... during the course of the trial, and the related failure of the Trial Court to grant a mistrial or even give precautionary instructions due to this misconduct.

In support of his assertion, he cited Tennessee case-law discussing the proper and improper conduct on the part of the prosecuting attorney.[2]

All of these cases were predicated on state-law and did not involve a federal-constitutional issue. See *Anderson v. Harless, supra,* at n. 3. Although he does cite the federal case of *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), he used it merely to establish the proper role of a prosecuting-attorney and not as a case employing constitutional analysis relative to prosecutorial-misconduct. Consequently, this Court cannot "assume that the state courts ... [were] ... alerted to consider, and [did consider] the constitutional claim." *Daye v. Attorney General of State of New York,* 696 F.2d 186, 195[6] (2d Cir.1982).

Mr. Coury must give the courts of Tennessee an opportunity to "pass on the validity of [his federal–] constitutional claim" before resorting to this Court. *Parker v. Rose,* 728 F.2d 392, 394–395 (6th Cir.1984). Tennessee's Post–Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq.,* is avail- able to him for that purpose. 28 U.S.C. § 2254(c).

It appearing on a review of the record that an evidentiary-hearing is not required herein and that the petitioner is not entitled to relief herein for his failure to have first exhausted his available state-remedies, his petition hereby is

DISMISSED. Rule 8(a), Rules—§ 2254 Cases. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated also as an application for a certificate of probable-cause. Rule 22(b), F.R.App.P. As the exhaustion of available state-remedies, as a matter of law is implicated, such certificate WILL issue. *Id.*

## ON MOTION FOR NEW TRIAL

The petitioner Mr. Moses A. Coury filed a motion for a new trial or, in the alternative, to alter the judgment herein of October 8, 1986, dismissing his petition for the federal writ of habeas corpus for failure to exhaust his available state-remedies with respect to his claim of prosecutorial-misconduct.

■ Indeed, there do exist "ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, [which] include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of pattern of facts that is well within the mainstream of constitutional litigation." *Daye v. Attorney General of State of New York,* 696 F.2d 186, 194 (2d Cir.1982).

None of the state or federal cases cited in Mr. Coury's briefs to our state courts employed constitutional analysis in addressing the issue of prosecutorial miscon-

---

**2.** Including: *State v. Hicks,* 618 S.W.2d 510 (Tenn.Cr.App.1981); *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr.App.1976); *Trotter v. State,* 508 S.W.2d 808 (Tenn.Cr.App.1974); *Aldridge v.* *State,* 470 S.W.2d 42 (Tenn.Cr.App.1971); *Johnson v. State,* 143 S.W. 1134 (Tenn.1912); *Turner v. State,* 4 Lea 206, 72 Tenn. 152 (1879).

duct; nor does he make any claim that he was denied due process of law or the right to a fair trial. He now claims, however, that "a prosecutorial misconduct claim, necessarily is an attack on the constitutionality [*sic*] of the trial."

■ When addressing a claim of prosecutorial misconduct due to an allegedly inflammatory summation by the prosecuting attorney, a Circuit Court held that "[a]n isolated emotional remark in a summation ... [does] not approach the circumstances that might arguably be deemed sufficient to alert a state court that a due process violation is claimed." *Kirksey v. Jones*, 673 F.2d 58, 60 (2d Cir.1982). This Court is unwilling to hold that all claims of prosecutorial misconduct fall "well within the mainstream of constitutional litigation", *Daye v. Attorney General of State of New York, supra*, thus automatically alerting a Court of a state that a federal-constitutional question is at issue.

In his motion herein, Mr. Coury cites to this Court several federal cases, addressing the issue of prosecutorial misconduct as a violation of the federal Constitution; it would have served his purpose better had he cited such cases to the courts of Tennessee; if he had done so, he would have exhausted his state remedies, thereby enabling this Court to address such issue.

Rather, the petitioner's argument to the court of Tennessee was that the trial judge erred in not granting a mistrial on the ground that the prosecuting attorney's remarks were improper. The state courts could well have approached such an issue from a procedural standpoint or as an abuse of judicial discretion; but the Court of Criminal Appeals of Tennessee held simply that: "unquestionably, these comments [regarding the considerable expense incurred by the state of Tennessee in bringing the matter to trial and the estimated strength of the state's case] were improper. However, these improper remarks fall short of constituting prejudicial error. We find these errors to be harmless. T.R.A.P. 36(b); Tenn.R.Crim.P. 52(a). The trial court correctly denied the defendants' motions for mistrial regarding these matters."

This Court cannot say that Mr. Coury alerted fairly the courts of Tennessee to his contention that a fundamental federal-constitutional guarantee was at issue. Therefore, his motion in both its alternatives hereby is

DENIED. Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R. App.P. As the exhaustion of available state remedies, as a matter of law is implicated, such certificate WILL issue. *Id.*

## ON HABEAS CORPUS

### I

An evidentiary hearing on the merits of the petitioner's application for the federal writ of habeas corpus was conducted on February 22, 1988, limited to his claim that he was convicted of crime by an unfair and partial jury, Constitution, Sixth Amendment, Right to a Fair and Impartial Jury Clause, in violation of his right to the due process of the law, Constitution, Fourteenth Amendment, § 1. Rule 8(a), Rules —§ 2254 Cases. From such evidence it hereby is

FOUND that the petitioner did not establish by probative proof his claimed violation of either of his aforestated federal-constitutional rights.

The petitioner Mr. Moses A. Coury is in the custody of the respondent-warden pursuant to the judgment of September 24, 1983 of his conviction by the Criminal Court of Tennessee for its district which encompasses Williamson County. Honorable Henry Denmark Bell, the trial judge implicated, had no independent recollection of any of the pertinent proceedings which led to such conviction of Mr. Coury.

■ On the second day of such trial, however, there came a time while the jury in the petitioner's action was being impaneled when no additional members of the current jury-panel were present in the courtroom and available immediately for

prospective service. At the same time, nonetheless, the names of other members of the regular jury-panel who had been serving during the pertinent term of Court, but who had not been required to report for the anticipated trial of Mr. Coury, remained in the jury wheel, as did the names of others of the venire.

The trial judge, under the law of Tennessee, had then the option of having another panel of jurors drawn therefrom instanter until the impanelment of such jury had been completed or the jury wheel had been exhausted, or to select from citizens of the county, or direct the sheriff to summon persons of his (such sheriff's) selection whose names were not selected from the jury wheel, and make-up the jury therefrom to try the case "without drawing names from the jury box." T.C.A. § 22-2-308(c)(2).

The trial judge chose to, and did, direct the sheriff of the county to summon for possible jury-service in the trial of Mr. Coury additional citizens of the county. Such sheriff, Mr. Fleming Williams had been the chief investigator in Mr. Coury's case and conceded that a majority of the citizens of Williamson County, Tennessee at that time would "know me by name or position."

Sheriff Williams did not summon any such additional citizens personally; rather, he instructed his administrator of his "[civil-] warrant division" to notify his "warrant man" on duty at the time to pick-up bystander-jurors as had been directed by the trial judge. (This was the standard method utilized for many years by long-time Sheriff Fleming to summon additional citizens for prospective jury-service when such sheriff was directed so to do by the trial judge.) No personnel of the police departments of the municipalities of Franklin (the county seat), Fairview or Brentwood were utilized in summoning such additional citizens.

The aforementioned administrator, Capt. John Easley, Jr., had participated also in the investigation of the case against Mr. Coury as a part of a "team" from the office of the sheriff which had visited the purported scene of the crime charged. The occurrence of the alleged crime had been publicized highly in the print media of the region, and Capt. Easley was confident that all personnel in his department recognized the importance of obtaining a conviction of Mr. Coury.

Capt. Easley testified that it was the customary practice of Judge Bell to advise personnel of the sheriff's office not to summon additional citizens for prospective jury-service who were engaged in the same profession or vocation as the principals involved in a trial. He said it was the usual custom and practice for the summoning officer to visit the personnel department of a local manufacturing facility and obtain from that office the names of citizens employed there who were deemed to be in the best category for the jury-service needed quickly.*

The jury which tried and convicted Mr. Coury was comprised of one such "additional" citizen and 11 citizens whose names had been placed on the regular jury list. Each such member of such jury found Mr. Coury guilty as charged in the indictment under which he was tried.

Mr. Coury contends that the process authorized by the law of Tennessee for the selection of additional citizens for service as so-called "bystander jurors" is unfair inherently and so a violation of his federal-constitutional rights to a fair and impartial jury and to the due process of the law; and that its utilization in this instance prejudiced him, by removing effectively the opportunity he might have had to have selected on the jury trying him a citizen who would not agree to an otherwise unanimous verdict as to his guilt.

---

* In this case, the first group of bystander-jurors delivered by the pertinent warrant officer was comprised exclusively of individuals who were employed by a bank, situated next to the courthouse; among such group was the girlfriend of a prosecuting attorney. The trial Court then instructed the warrant-officer to procure another group of citizens, but excluding banking employees.

No controlling decision of the United States Supreme Court or of our court of appeals seems to address the issue of any inherent unfairness of Tennessee's by-stander-juror statute. However, Missouri's bystander-juror statute is similar to that of Tennessee, and the United States Court of Appeals for the Eighth Circuit has held that such statute is not unconstitutional on its face, although it may be implemented in such a way so as to violate federal due-process rights of a defendant. *See, Russell v. Wyrick,* 736 F.2d 462, 463 (8th Cir.1984).

"The function of this federal Court under the Fourteenth Amendment [to the United States Constitution] in reference to state juries is not to prescribe procedures but is essentially to protect the integrity of the trial process by whatever method the state sees fit to employ. No device, whether conventional or newly devised, can be set up by which the judicial process is reduced to a sham and courts are organized to convict." *Fay v. People of State of New York,* 332 U.S. 261, 294, 67 S.Ct. 1613, 1630[21], 91 L.Ed. 2043 (1947) (dealing with special "blue-ribbon" panels).

"Where an interested official participates in the selection of the jury in a criminal trial, an accused's due process rights may have been violated." *Cody v. Solem,* 755 F.2d 1323, 1334[13] (8th Cir.1985). "The dangers from sheriff selection of jurors are several. The sheriff may choose jurors whom he believes are likely to vote in favor of the prosecution. The likelihood of this is heightened if the sheriff or his deputies investigated the case or if the sheriff chooses only people [sic: persons] he knows." *Russell v. Wyrick,* 736 F.2d 462, 463 (8th Cir.1984).

There was no evidence that Sheriff Fleming, Capt. Easley or the said summoning-officer in the sheriff's warrant division knew the additional citizen selected in this process who was accepted and served as a member of the jury in Mr. Coury's case. The latter was not offered as a witness, and the former two had no present recall of the matter at bar; however, Sheriff Fleming testified that he had never instructed anyone to summon a bystander for jury-service because he was likely to favor the prosecution.

Any impartiality on the part of the additionally-summoned juror, then, must be inferred, if at all, on the predicate that the officer summoning him may be inferred to have shared "the sheriff's institutional and professional interest in successful prosecutions." *Anderson v. Frey,* 715 F.2d 1304, 1309 (8th Cir.1984), *cert. den.,* 464 U.S. 1057, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984). Even so, such "institutional interest alone is not enough to deprive a defendant of a fair trial." *Cody v. Solem, supra,* 755 F.2d at 1335[5].

According the petitioner the most liberal interpretation of the facts he claims in this regard, this Court FINDS he has not proven a violation of his federal-constitutional rights to either the due process of the law or of his right to a fair and impartial jury. (The remaining claims of Mr. Coury are considered upon the expanded record of the proceedings in the Courts of Tennessee):

## II

Mr. Coury claims that he was denied his federal right to the due process of the law also, when the attorney prosecuting him made prejudicial remarks to the prospective jurors during *voir dire.* "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial." *Lisenba v. People of State of California,* 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1942). Furthermore, this Court's review of the alleged improper prosecutorial comments is "the narrow one of due process, and not the broad exercise of supervisory power." *Donnelly v. DeChristoforo,* 416 U.S. 637, 642, 94 S.Ct. 1868, 1874, 40 L.Ed.2d 431 (1974); quoting from *DeChristoforo v. Donnelly,* 473 F.2d 1236, 1238 (1st Cir.1973).

The Court of Criminal Appeals of Tennessee found that "[i]n two instances, the

prosecuting attorney made references to the expense that would be involved in the trial of the case. At another point, he stated his personal opinion that the State had an 'excellent' circumstantial evidence case against the defendants." *State of Tennessee, appellee, v. Moses Coury and Kennon Laird, appellants,* 697 S.W.2d 373, 377 (1985). The Court presumes that finding to be correct, 28 U.S.C. § 2254(d).

It is error for a prosecuting attorney to comment on anything that has not been introduced into evidence, *McDonald v. Wainwright,* 466 F.2d 1136, 1137 (5th Cir. 1972). However, "[e]rrors, with respect to the * * * comments of the [prosecuting] attorney on the evidence, do not measure up to the dignity of lack of due process." *Souila v. O'Brien,* 94 F.Supp. 764, 771 (D.C.Mass.1950), *aff'd.,* 188 F.2d 233 (1st Cir.1951), *cert. den.,* 341 U.S. 928, 71 S.Ct. 794, 95 L.Ed. 1359 (1951), *reh. den.,* 341 U.S. 957, 71 S.Ct. 1006, 95 L.Ed. 1378 (1951).

■ Furthermore, the prosecuting attorney's comment, concerning the expense of the trial, was improper and amounts to misconduct. However, such misconduct was not "pronounced and persistent with a probable [consequential] cumulative effect upon the jury" and the Court CONCLUDES the petitioner suffered no prejudice therefrom. *Berger v. United States,* 295 U.S. 78, 89, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

■ Mr. Coury claims additionally that his federal right to elect not to testify was infringed when the prosecuting attorney commented improperly during his trial regarding such right. The Court of Criminal Appeals of Tennessee found that "[d]uring defense counsel's cross-examination of William Brown, questions were asked of [Mr.] Brown concerning his opportunity to see a tattoo on [Mr.] Coury's arm. At one point, defense-counsel turned to [Mr.] Coury and said: 'Would you show that [the tattoo] to him, Moses?' The prosecuting attorney then inquired of the court: 'Your honor, is Mr. Coury going to testify?'" *State of Tennessee, appellee, v. Moses Coury and Kennon Laird, supra,* 697 S.W.2d at 378.

Although such comment was improper, Mr. Coury suffered no prejudice therefrom: The record reflects that, during *voir dire,* both Mr. Coury's attorney and his trial Court emphasized repeatedly that it was Mr. Coury's right not to testify. Additionally, the trial Court included in his final instructions an emphasis on Mr. Coury's right not to testify.

### III

As the petitioner Mr. Moses A. Coury has not established herein a deprivation of his federal-constitutional rights, he hereby is

DENIED all relief. Judgment to that effect will be entered by the clerk of this Court, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which WILL issue because our Court of Appeals mandated a consideration on the merits of the claims of Mr. Coury, *Moses A. Coury, petitioner-appellant, v. Gary Livesay, et al.,* 826 F.2d 1062 (6th Cir.1987), and should have the opportunity to review the compliance therewith.